HOLLINS•SCHECHTER
KATHLEEN MARY KUSHI CARTER, (CA SBN# 157790)
MICHAEL C. HERZOG, (CA SBN #242480)
1851 East First Street, Sixth Floor
Santa Ana, California 92705 - 4017

Telephone: 714.558.9119
Facsimile: 714.558.9091

Attorneys for Defendant, STEMTECH HEALTH SCIENCES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| ANDREW PAUL LEONARD, | CASE NO: 08-67 |
|---|---|
| Plaintiff, | **STEMTECH HEALTH SCIENCES'S ANSWER TO PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| STEMTECH HEALTH SCIENCES, INC., California Corporation; and DOES 1-100, Inclusive, | JURY DEMANDED |
| Defendants. | COMPLAINT FILED: February 1, 2008 |
| | DISCOVERY CUTOFF: NONE<br>MOTION CUTOFF: NONE<br>TRIAL DATE: NONE |

COMES NOW Defendant, by and through their counsel, and hereby admit, deny or aver to Plaintiff's Complaint for Copyright Infringement.

### I.   Nature of the Action

1.   Answering Paragraph 1, Defendant admits that this is an action arising under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* and the common law. Defendant denies the remaining allegations of paragraph 1.

//

## II. The Parties

2. Answering Paragraph 2, Defendant admits that Plaintiff Leonard (hereinafter "Plaintiff") is an adult individual who resides in New York.

3. Answering Paragraph 3, Defendant admits that Defendant STEMTECH HEALTH SCIENCES (hereinafter "STEMTECH") is a corporation organized and existing under the laws of Delaware with its principal place of business at 1011 Calle Amanecer, San Clemente, CA 92673.

4. Answering Paragraph 4, Defendant lacks information sufficient to admit or deny the allegations of paragraph 4.

## III. Jurisdiction and Venue

5. Answering paragraph 5, Defendant admits that there is jurisdiction based on the federal question presented in this case pursuant to 28 U.S.C. § 1331.

6. Answering paragraph 6, Defendant admits that the jurisdiction of this court exits based on diversity. Defendant admits that this case involves a dispute between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000).

7. Answering paragraph 7, Defendant admits this court may assert personal jurisdiction over Defendant because it is a Delaware corporation.

8. Answering paragraph 8, Defendant admits venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## COUNT FOR STATUTORY COPYRIGHT INFRINGEMENT

9. Answering paragraph 9, Defendants repeat the answers set forth in the preceding paragraphs as though fully set forth herein.

10. Answering paragraph 10, Defendant admits that Plaintiff is in the business of microscopic photography. Defendant lacks sufficient information to admit or to deny the remaining allegations in paragraph 10.

11. Answering paragraph 11, Defendant lacks sufficient information to admit or to deny the allegations in paragraph 11.

12. Answering Paragraph 12, Defendant lacks information sufficient to admit or deny the allegations of paragraph 12.

13. Answering Paragraph 13, Defendant admits that STEMTECH is a direct sales organization through which distributors sell STEMTECH'S StemEnhance Product. Defendant admits that on or about May 2006, Plaintiff was contacted by Al Crane, an artist interested in licensing the right to use one of Plaintiff's images for Defendant STEMTECH'S HealthSpan publication and on Defendant STEMTECH'S Internet website for a one (1) year period.

14. Answering Paragraph 14, Defendant admits that STEMTECH made part payment of an image for use for one year. Defendant lacks information sufficient to admit or deny the remaining allegations of paragraph 14

15. Answering Paragraph 15, Defendant lacks information sufficient to admit or deny whether the image appeared on the listed websites. Defendant denies the remaining allegations of paragraph 15.

16. Defendant cannot answer paragraph 16, as none is presented by Plaintiff.

17. Answering Paragraph 17, Defendant lacks information sufficient to admit or deny whether the image appeared on the listed websites. Defendant denies the remaining allegations of paragraph 17.

18. Answering Paragraph 18, Defendant lacks information sufficient to admit or deny whether the image appeared on the listed websites. Defendant denies the remaining allegations of paragraph 18.

19. Answering Paragraph 19, Defendant admits that on January 18, 2008, Plaintiff sent a cease and desist letter to Defendant. Defendant admits that it has removed the images from some of its websites. Defendant denies the remaining allegations.

20. Answering Paragraph 20, Defendant denies the allegations of paragraph 20.

//
//
//

### Prayer

Defendants are not required to respond to Plaintiff's prayer for relief. However, to the extent that Plaintiff's Prayer asserts allegations, Defendants deny each and every allegation in Plaintiff's Prayer.

### Affirmative Defenses

1. AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's Complaint fails to states facts sufficient to constitute any cause of action or to set forth any claim upon which relief can be granted.

2. AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that any and all acts taken by Defendant were of innocent intent, and were not done willfully or with malice.

3. AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges Plaintiff has failed to mitigate his damages.

4. AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff is barred by the statute of limitations.

5. AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges Plaintiff is barred from recovery because of Implied License.

6. AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's is barred from recovery by Laches.

7. AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff is barred from recovery by Copyright Misuse.

8. AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff is barred from his remedy because of Waiver / Abandonment of Copyright.

//
//

9.  AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's remedy is barred from recovery by the Fair Use Doctrine.

10. AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges Plaintiff is barred from recovery by Public Domain.

11. AS A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges Plaintiff is barred from his remedy because of the First Sale Doctrine.

12. AS A TWELFTH , SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff is barred from his remedy because of *de minimus* copying.

Because the Complaint is couched in conclusory and vague terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses.

Dated: February 25, 2008

HOLLINS • SCHECHTER

By _____
KATHLEEN MARY KUSHI CARTER
MICHAEL C. HERZOG
Attorneys for Defendant STEMTECH
HEALTH SCIENCES, INC.

## PROOF OF SERVICE
### (1013a(3) Code Civ. Proc. Revised 5/1/88)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1851 E. First Street, 6th Floor, Santa Ana, California 92705-4017

On February 25, 2008, I served the foregoing document described as **STEMTECH HEALTH SCIENCES'S ANSWER TO PLANTIFF'S COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☐  by overnight delivery via Federal Express pursuant to Code of Civil Procedure section 1013.

☐  by FAX. I faxed said document pursuant to Rules of Court rule 2.306, on _____, at approximately _____ from my facsimile telephone number 714.558.9091.

The document was transmitted by facsimile transmission and the transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine. A copy of the transmission report is attached to this proof of service.

☒  via electronic mail to: kgattuso@saul.com and sflax@saul.com

☒  by mail as follows: I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  I caused such document to be served on this date by electronic transmission in accordance with standard procedures and to the e-mail address listed on the attached service list.

☐  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 25, 2008, at Santa Ana, California.

TAUNYA L. HENLEY

536865

-6-

STEMTECH'S ANSWER TO PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT

| | |
|---|---|
| Case Name: | LEONARD v. STEMTECH |
| Case No.: | 08-67 |

## MAILING LIST

Kimberly L. Gattuso, Esq.
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
Wilmington, Delaware 19801
Email: kgattuso@saul.com
TEL: (302) 421-6868
FAX: (302) 421-5871
*Attorneys for Plaintiff,*
*ANDREW PAUL LEONARD*

OF COUNSEL:
Sherry H. Flax
SAUL EWING LLP
500 East Pratt Street
Baltimore, MD 21202-3133
Email: sflax@saul.com
TEL: (410) 332-8600
FAX: (410) 332-8862

536865                                    -7-
STEMTECH'S ANSWER TO PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT