IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDREW PAUL LEONARD, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 08-67-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| STEMTECH HEALTH SCIENCES, INC. | ) | |
| and JOHN DOES 1-100, Inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## STEMTECH'S MOTION FOR CHANGE OF VENUE

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant StemTech
Health Sciences, Inc.*

*Of Counsel:*

Kathleen Mary Kushi Carter
Michael C. Herzog
Hollins Schechter
1851 East First Street, Sixth Floor
Santa Ana, CA 92705-4017
(714) 558-9119

Dated: May 14, 2008

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ................................................................... 1

II.   SUMMARY OF ARGUMENT ................................................ 1

III.  ARGUMENT ......................................................................... 3

      A.    VENUE IS PROPER IN BOTH COURTS. ................................ 3

      B.    TRANSFER IS CONVENIENT FOR THE PARTIES. ............................ 4

            1.   Plaintiff's Choice Of Forum Is Not Where
                 The Situs Of Material Events Occurred And Is
                 Thus Entitled To Less Deference From The Court................................5

            2.   There Is A More Relative Ease Of Access
                 To Sources Of Proof In California Than Delaware. ..............................6

            3.   There Is A Greater Convenience In California  Than Delaware. ..........7

      C.    TRANSFERRING FROM THE DELAWARE COURT TO THE
            CALIFORNIA COURT IS IN THE INTERESTS OF JUSTICE. ............. 9

IV.   CONCLUSION................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Amoco Oil Co. v. Mobil Oil Corp., 90 F.Supp.2d 958, 962. (N.D. IL. 2000)...9, 10

Applied Web Sys. V. Catalyctic Combustion Corp., 1991 U.S. Dist. Lexis 5696...5

Basset v. Mashantucket Pequot Tribe, 204 F.3d 343, 355 (2nd Cir. 2000) .............4

Borden, Inc. v. Meiji Milk Products, 500 U.S. 953 (1991) ......................................1

Borden, Inc. v. Meiji Milk Products, 919 F.2d 822 (2nd Cir. 1990)........................1

Coffey v. Van Dorn Iron Works, 796 F. 2d 217, 221 (N.D. IL. 1986) ...................9

Gulf Oil Corp v. Gilbert, 330 U.S. 501, 507 (1947)...............................................4

Habitat Wall Paper & Blinds, Inc. v. K.T. Scott Ltd. Partnership, 807 F. Supp.
    470, 474 (N.D. IL. 1992) ..............................................................................8

Heller Fin. Inc. v. Riverdale Auto Parts, Inc., 713 F. Supp. 1125, 1129 (N.D. IL.
    1989) .............................................................................................................5

Hoffman v. Blaski, 363 U.S. 335 (U.S. 1960)........................................................4

Koster v. (American) Lumbermens Mut. Casualty Co., 330 U.S. 518, 527 (1947).4

Law Bulletin Publishing Co. v. LRP Publications, Inc., 992 F. Supp. 1014, 1017
    (N.D. IL. 1998) .....................................................................................3, 5, 8

Murray v. BBC, 81 F. 3d 287, 290 (2nd Cir. 1996) ................................................4

Rose v. Franchettis, 713 F.Supp. 1203, 1214 (N.D. IL. 1989)...............................7

T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2nd Cir. 1964)...............................4

Vandeveld v. Christoph, 877 F. Supp. 1160, 1169 (N.D. IL. 1995) ....................10

**Statutes**

17 U.S.C. § 101....................................................................................................10

28 U.S.C. § 1404....................................................................................................1

## I.    **INTRODUCTION**

1.      This action arises out of a claim of alleged copyright infringement asserted by Plaintiff ANDREW PAUL LEONARD (hereinafter "LEONARD" or "PLAINTIFF") that was filed in the United States District Court, District of Delaware (hereinafter "DELAWARE COURT") on or about February 1, 2008.  In his Complaint, PLAINTIFF alleges that DEFENDANT unlawfully copied and used PLAINTIFF'S unique image on multiple websites.  PLAINTIFF, as noted in his complaint, is a resident of New York. DEFENDANT is a corporation organized and existing under the laws of Delaware with its principal place of business in Orange County, California.

2.      At present time, only a complaint and answer have been filed.  There have been no motions, and the discovery process has yet to begin.  This Motion for Change of Venue is the first Motion in this matter.

## II.    **SUMMARY OF ARGUMENT**

3.      A district court may transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses and in the interest of justice.  28 U.S.C. § 1404(a) (2006).  In general, the effect of 28 U.S.C. § 1404(a) is to give the court a much greater degree of administrative power in determining the place of trial from among various proper venues, independent of the choice of either party.  Where the center of gravity of litigation is definitively elsewhere, dismissal based on the ground of *forum non conveniens* may be justified. Borden, Inc. v. Meiji Milk Products, 919 F.2d 822 (2nd Cir. 1990), cert denied, Borden, Inc. v. Meiji Milk Products, 500 U.S. 953 (1991).

4.      While venue in this action in DELAWARE cannot be challenged on jurisdiction grounds (all parties have conceded both personal and subject matter jurisdiction of this case), this action would be more properly venued in the United States District Court for the Central District of California (hereinafter "CALIFORNIA COURT") located in Orange County, California.  This is because a large majority of the witnesses in this matter reside in or around Orange County, California.  DEFENDANT conducts a large majority of its business in Orange County, California, as that is its principal place of business.  Almost the entirety of business conducted between PLAINTIFF and DEFENDANT was in California.  The websites owned and maintained by DEFENDANT that are subject to this dispute are maintained in California.  Almost all evidence regarding formation of the agreement between PLAINTIFF and DEFENDANT is in Orange County, California.  All witnesses to the communications between PLAINTIFF and DEFENDANT, other than PLAINTIFF himself, are in California.  The only person not in California subject to this dispute is PLAINTIFF.  However, PLAINTIFF resides in New York, not Delaware, so it is not a matter of convenience for PLAINTIFF to remain in Delaware over California.  There is no indication of any reason, other than DEFENDANT is a corporation that is organized under Delaware laws, that the DELAWARE COURT is a convenient forum for either party in this matter.  Given the abundance of evidence, witnesses, and events that occurred in this matter in Orange County, California, the CALIFORNIA COURT is the most convenient forum for this action to be brought.

### III.    <u>ARGUMENT</u>

5.    As stated above, when the basic core of the case is centered elsewhere, *forum non conveniens* may be justified.    The doctrine of *forum non conveniens* was created in order to fairly balance a Plaintiff's initial forum selection and the Defendant's need for the matter to be litigated in another forum.    As such, the party moving for transfer of a matter for *forum non conveniens* must show "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." <u>Law Bulletin Publishing Co. v. LRP Publications, Inc.</u>, 992 F. Supp. 1014, 1017 (N.D. IL. 1998).    As more clearly articulated below, the CALIFORNIA COURT is the forum in which this matter should be heard, as it is more convenient and in the interests of justice.

### A.    <u>VENUE IS PROPER IN BOTH COURTS.</u>

6.    The first requirement for a transfer of venue for *forum non conveniens* is to show that venue is proper in both the transferor court, and transferee court." <u>Law Bulletin Publishing Co. v. LRP Publications, Inc.</u>, 992 F. Supp. 1014, 1017 (N.D. IL. 1998).    As stated above, there is no dispute between parties that jurisdiction exists in the DELAWARE COURT.    As such, DEFENDANT must first show that jurisdiction exits in the CALIFORNIA COURT in order for a transfer to be proper.

7.    In order to show that jurisdiction is appropriate for the CALIFORNIA COURT, a party must show for the matter before this Court that the CALIFORNIA COURT is where the matter might have been brought.    The phrase "where it might have been brought" means that the transferee district must be a district in which the plaintiff could have brought the action without regard to a waiver of statutory defenses as to venue

and personal jurisdiction by the defendant. Hoffman v. Blaski, 363 U.S. 335 (U.S. 1960). In this matter, PLAINTIFF could have brought this complaint in the CALIFORNIA COURT. DEFENDANT'S principal place of business is in Orange County, California, which is where DEFENDANT conducts a majority of its business on a regular basis. Further, California is where the agreement between PLAINTIFF and DEFENDANT arose, and the majority of the evidence exists.

8.    Further, "[w]hen a complaint alleges a claim or seeks a remedy provided by the Copyright Act, federal jurisdiction is properly invoked." Basset v. Mashantucket Pequot Tribe, 204 F.3d 343, 355 (2nd Cir. 2000); citing T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2nd Cir. 1964). In the matter before the court, PLAINTIFF'S Complaint alleges that this action arises "under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*" against Defendant. (Plaintiff's Complaint Page 1, Paragraph 1.) As such, there can be no dispute that federal court holds subject matter jurisdiction, and is the proper venue to have the matter heard. This also means that the CALIFORNIA COURT is where PLAINTIFF could have initially brought this action. Thus, jurisdiction exists for the CALIFORNIA COURT to hear this matter.

## B.    TRANSFER IS CONVENIENT FOR THE PARTIES.

9.    The doctrine of *forum non conveniens* authorizes a court to "'resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general statute,' if dismissal would 'best serve the convenience of the parties and the ends of justice.'" Murray v. BBC, 81 F. 3d 287, 290 (2nd Cir. 1996); citing Gulf Oil Corp v. Gilbert, 330 U.S. 501, 507 (1947); Koster v. (American) Lumbermens Mut. Casualty Co., 330 U.S. 518, 527 (1947). When evaluating convenience of the parties and witnesses, the

court should consider the following factors: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties litigating in the respective forums. <u>Law Bulletin Publishing Co. v. LRP Publications, Inc.</u>, 992 F. Supp. 1014, 1017 (N.D. IL. 1998).

**1. Plaintiff's Choice Of Forum Is Not Where The Situs Of Material Events Occurred And Is Thus Entitled To Less Deference From The Court.**

10.     While the forum chosen by a plaintiff is important in determining whether a motion to transfer should be granted, it is not absolute and shall not defeat a proper motion to transfer. <u>Law Bulletin Publishing Co. v. LRP Publications, Inc.</u>, 992 F. Supp. 1014, 1017 (N.D. IL. 1998); citing <u>Applied Web Sys. V. Catalyctic Combustion Corp.</u>, 1991 U.S. Dist. Lexis 5696.   Here, Plaintiff's choice of forum is the DELAWARE COURT.   Though Delaware is the State under whose laws the DEFENDANT'S business is organized, there is no other link to the State of Delaware in this matter.   There were no agreements between parties made in Delaware, nor were there any correspondences, meetings, or business transactions conducted in said State.   In fact, PLAINTIFF and DEFENDANT had no transactions or communications with each other in the state of Delaware at any time.   However, in spite of this lack of any form of relation to the state of Delaware, PLAINTIFF still chose the DELAWARE COURT as his forum.

11.     However, "where the plaintiff's chosen forum is not the situs of material events, plaintiff's chosen forum is entitled to less deference." <u>Law Bulletin Publishing Co. v. LRP Publications, Inc.</u>, 992 F. Supp. 1014, 1017 (N.D. IL. 1998); citing <u>Heller Fin. Inc. v. Riverdale Auto Parts, Inc.</u>, 713 F. Supp. 1125, 1129 (N.D. IL. 1989).   Here,

the situs of material events for the alleged Copyright Infringement clearly occurred in California, not in Delaware. The websites owned by DEFENDANT that are subject to this dispute are maintained in California. The agreements that are between parties were entered into in California. Almost all communications came from California, and those that did not stemmed from New York. Almost the entirety of all transactions, occurrences, and communications are California based, and as such, California is where the situs of material events occurred.

12.    Further, as stated before, Delaware has little to no involvement in this dispute. There was no agreement in Delaware between PLAINTIFF and DEFENDANT. None of the witnesses to any agreements or communications stem from Delaware. There were no communications in Delaware or contact between PLAINTIFF and DEFENDANT in Delaware. As such, Plaintiff's choice of the DELAWARE COURT is entitled to less deference than the CALIFORNIA COURT, as California is where the situs of material events occurred in this matter occurred.

### 2. There Is A More Relative Ease Of Access To Sources Of Proof In California Than Delaware.

13.    As stated above, the situs of material events that resulted in PLAINTIFF'S alleged injuries occurred in California. As such, there is a far greater relative ease of access to the sources of evidence for all parties in California. The websites owned and maintained by DEFENDANT are in California. Any and all agreements between parties regarding the image in dispute were in California. In fact, almost all correspondences, communications, and business conducted between parties are in California. Though at this time DEFENDANT is unaware of the evidence to be provided by PLAINTIFF, a majority of it will most likely arise from California, as that is

where, as noted above, the dispute and majority of contact between parties occurred. While there is a possibility that some evidence regarding communication in New York will be produced, California is the place where a very large majority of the information will accrue. As such, should a change of venue occur to the CALIFORNIA COURT, there will be a far greater access to the evidence and witnesses to all matters related to the alleged Copyright Infringement violations as they are all in California.

### 3.  There Is A Greater Convenience In California Than Delaware.

14.    "The convenience of witnesses is often viewed as the most important factor in the transfer balance." Rose v. Franchettis, 713 F.Supp. 1203, 1214 (N.D. IL. 1989). Almost all of DEFENDANT'S witnesses in this matter will be California witnesses, including but not limited to Bonnie Goldfien, Jon Meyer, Ray Carter, and Kelly Burnett. These California witnesses will address all communications with PLAINTIFF, all correspondences with PLAINTFF, all agreements with PLAINTIFF and DEFENDANT, all maintaining of websites owned by DEFENDANT, and further will testify as to all defenses. Most of these witnesses will further testify to the nature, extent and understanding of the agreements with respect to the image at dispute. In short, these are material witnesses that have relevant and important information to be provided. Though PLAINTIFF'S witnesses have yet to be identified, a certain amount will most likely be from California as well, given as noted above, the dispute and majority of contact between parties occurred in California. As such, the access to both the evidence as well as witnesses is far more convenient to be produced in the CALIFORNIA COURT than in the DELAWARE COURT.

15.     Additionally, when the court considers the convenience of the parties for purposes of transfer, "the court should consider their respective residences and their ability to bear the expenses of litigating in a particular forum." <u>Law Bulletin Publishing Co. v. LRP Publications, Inc.</u>, 992 F. Supp. 1014, 1019 (N.D. IL. 1998); citing <u>Habitat Wall Paper & Blinds, Inc. v. K.T. Scott Ltd. Partnership</u>, 807 F. Supp. 470, 474 (N.D. IL. 1992).  Here, the expenses that DEFENDANT will incur by conducting the matter in the DELAWARE COURT as opposed to the CALIFORNIA COURT will be great.  As a majority of the witnesses and evidence is in California, there will be costs for out of state shipping, plane flights, hotel rooms, association with out of state counsel, long distance phone calls, and other expenses associated with a matter being tried several states away.

16.     Should this matter be transferred to the CALIFORNIA COURT these expenses will be greatly diminished.  Since a large majority of the witnesses are in California, there will be easier access to arranging both depositions and testimony. DEFENDANT'S will not be required to engage in numerous plane flights and hotel arrangements.  There will be a great savings on shipping, filings, and other legal costs.

17.     Further, a transfer to the CALIFORNIA COURT will not have a large change in costs to PLAINTIFF, if any.  PLAINTIFF is a resident of New York, not Delaware.  PLAINTIFF'S out of state counsel is from Maryland, not Delaware.  Both will be required to travel to Delaware already, which will require hotel fees, airfare, time, and other expenses.  Simply changing the travel arrangements to California instead of Delaware will only slightly affect those costs.  Also, PLAINTIFF will be required to come to California for the purposes of certain discovery for the matter regardless of the matter being in the DELAWARE COURT given the abundance of evidence and

witnesses in California. Allowing a transfer from the DELAWARE COURT to the CALIFORNIA COURT would keep PLAINTITFF'S expenses relatively the same. When weighing the convenience of the respective forums, DEFENDANT will save a substantial amount in this matter should a transfer from the DELAWARE COURT to the CALIFORNIA COURT occur, while it will only slightly affect PLAINTIFF'S expenses, if at all.

18.    Given that PLAINTIFF'S choice of forum is in a place where little to no events occurred, with the situs of material events occurring in California, the relative ease to access to sources of proof in California, the convenience of witnesses in California, and the convenience of the parties litigating in California, a transfer from the DELAWARE COURT to CALIFORNIA is appropriate.

## C.   TRANSFERRING FROM THE DELAWARE COURT TO THE CALIFORNIA COURT IS IN THE INTERESTS OF JUSTICE.

19.    The final prong of the analysis of the doctrine of *forum non conviens* is the analysis of the interests of justice. The interests of justice analysis relates "to the efficient functioning of the courts, not to the merits of the underlying dispute." Coffey v. Van Dorn Iron Works, 796 F. 2d 217, 221 (N.D. IL. 1986). The analysis for the interests of justice considers three factors: "(1) the speed at which the case will proceed through trial; (2) the court's familiarity with the applicable law; and (3) the relation of the respective forums with the issues in the case and the desirability of resolving controversies in their locale." Amoco Oil Co. v. Mobil Oil Corp., 90 F.Supp.2d 958, 962. (N.D. IL. 2000).   As discussed below, it is in the interests of justice to allow DEFENDANT to transfer from the DELAWARE COURT to the CALIFORNIA COURT.

20.    The first determining factor for the interest of justice is the speed at which the case will proceed at trial.  The court evaluates the speed at which the case will proceed through trial based on "(1) the median months from filing to disposition and (2) the median months from filing to trial." Amoco Oil Co. v. Mobil Oil Corp., 90 F.Supp.2d 958, 962. (N.D. IL. 2000); citing Vandeveld v. Christoph, 877 F. Supp. 1160, 1169 (N.D. IL. 1995).  According to the Administrative Office of the United States Courts, 2007 Federal Court Management Statistics, the median months from filing to disposition of the DELAWARE COURT is 12.5 months, where as the CALIFORNIA COURT is 6.8 months.  (See Exhibit A; See Exhibit B).[1]  Additionally, the median months from filing to trial of the DELAWARE COURT is 27.0 months, whereas the median months of the CALIFORNIA COURT is 21.3 months. (See Exhibit A; See Exhibit B).  As such, the interest of justice weighs in favor of the case being held in the CALIFORNIA COURT instead of the DELAWARE COURT as there is a shorter median of time for adjudication in the CALIFORNIA COURT.

21.    The next part of the test the court uses to determine for the interests of justice is the court's familiarity with the applicable law.  This portion of the test is usually necessitated by cases that involve both state and federal law, or some other law specialized to a certain court.  Here, however, the case only involves an alleged Copyright Infringement claim under the Copyright Act, 17 U.S.C. § 101, et seq., a statute under federal law. As such, either court in this matter is equally capable of understanding the law.  As such the interests of justice can be found in either court.

---

[1]    Exhibits A and B refer to the exhibits attached to the Declaration of John G. Day, submitted herewith.

22.    Finally, the interests of justice require the court to evaluate the relation of the respective forums with the issues in the case and the desirability of resolving controversies in their locale. Here, DEFENDANT'S principal place of business is in California. The alleged infringing websites are owned and maintained in California, the correspondences and communications between parties occurred in California, and most of the witnesses in this matter are in California. California is interested in adjudicating its disputes in this matter as this is the place where the dispute arose, as well as the place in which the business was conducted. Delaware has far less interest in adjudication as the incident that gave rise to the allegations in the complaint did not occur in Delaware, nor was any of the business conducted in Delaware. Instead, Delaware's sole interest in adjudication in this matter is litigating matters involving a business organized under the laws of the state of Delaware. As such the interest of California is far greater than that of Delaware.

23.    As a result, the interests of justice weight in favor of the case being transferred to the CALIFORNIA COURT from the DELAWARE COURT. The speed at which the case will proceed through trial is shorter in California than in Delaware, California is familiar with the applicable law, and the California has a greater desire of resolving the conflict in its locale than Delaware, as California is where the controversy arises out of.

## IV.    CONCLUSION

24.    Delaware is not the county nor is it within the state in which PLAINTIFF'S claim arose. Further, Delaware is not the county nor is it within the state in which the percipient witnesses and other evidence relevant to the PLAINTIFF'S claim

is located. The claim arose in Orange County, California, where all of the witnesses and evidence surrounding PLAINTIFF'S agreements, maintaining of websites, and conversation are located. Delaware has nothing to do whatsoever with the facts underlying the instant action. The only link that Delaware has to this action before this court is that DEFENDANT is incorporated under the laws of Delaware. Accordingly, venue should be transferred to the United States District Court of California, Central Division.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant StemTech
Health Sciences, Inc.*

*Of Counsel:*

Kathleen Mary Kushi Carter
Michael C. Herzog
Hollins Schechter
1851 East First Street, Sixth Floor
Santa Ana, CA  92705-4017
(714) 558-9119

Dated: May 14, 2008