## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDREW PAUL LEONARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-00067-JJF |
| | ) | |
| STEMTECH HEALTH SCIENCES, INC. | ) | |
| and JOHN DOES 1-100, Inclusive. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF VENUE

Plaintiff Andrew Paul Leonard ("Plaintiff" or "Leonard"), by his undersigned counsel, hereby opposes the Motion for Change of Venue Defendant Stemtech Health Sciences, Inc. ("Defendant").

## I.    STATEMENT OF FACTS

Leonard is an adult individual in the business of microscopic photography who resides in the State of New York. His images are unique and highly desirable, particularly to the medical, pharmaceutical, and research industries. Leonard is the owner of several copyright registrations for his microscopic photography images.

Defendant admits that it is a *Delaware* corporation that is engaged in the manufacture and sale throughout the country of products that purportedly enhance human stem cell growth. Defendant uses Leonard's copyright protected images of stem cells to promote and sell these products. Defendant also admits that both personal and subject matter jurisdiction are proper in this Court.

## II.    ARGUMENT

On a motion to transfer venue under 28 U.S.C. § 1404(a), "the burden falls upon the movant to demonstrate that the convenience of the parties, the convenience of the witnesses, and the interest of justice are served by transfer." *Chase Manhattan Bank, USA, N.A. v. Freedom Card, Inc.*, 265 F. Supp.2d 445, 448 (D. Del. 2003). Unless the defendant demonstrates that the balance of interests is strongly in favor of transfer, plaintiff's choice of forum should prevail. *Intel Corp. v. Broadcom Corp.*, 167 F. Supp.2d 692 (D. Del 2001) (citations omitted). Defendant asserts that despite the fact that it is a Delaware corporation, it is inconvenient for it to defend this case in this forum.[1]

In considering a motion to change venue, courts in the Third Circuit Court of Appeals consider the factors described in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995). Under *Jumara*, courts should take into account both private and public interests, including:

- plaintiff's choice of forum;
- defendant's preferred forum;
- where the claim arose;
- the convenience of the parties;
- the convenience of the witnesses, *to the extent they may be unavailable for trial*;
- the location of books and records, *to the extent they may be unavailable for trial*;
- the enforceability of a judgment;
- practical considerations that could make the trial easier, quicker, or less expensive; and
- public policies of the fora.

*Id.* at 879-80 (emphasis added).

Among these factors, a plaintiff's choice of forum is entitled to "paramount consideration" and "should not be lightly disturbed, because a corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that

---

[1]    Surprisingly, Defendant argues for transfer without the support of District of Delaware or even Third Circuit caselaw.

state." *TriStrata Tech., Inc. v Emulgen Labs., Inc.*, 537 F. Supp.2d 635, 643 (D. Del. 2008); *Intel Corp. v. Broadcom Corp.*, 167 F Supp.2d 692, 706 (D. Del. 2001) ("[b]ecause the plaintiff's rational choice of forum should not be lightly disturbed, a transfer is not to be liberally granted."). Leonard filed suit in Delaware because Defendant chose to avail itself of the privilege of incorporating in Delaware, and this decision is entitled to the Court's paramount consideration and weight. The alleged copyright infringement occurred -- and continues to occur -- throughout the country, not in any particular jurisdiction. Defendant's argument that any communications between the parties occurred in California is inaccurate because Plaintiff was not in California during those communications, and is in any event of no consequence because their communications have little, if anything, to do with the infringing activity that occurs on a continuous basis throughout the country. *See Chase Manhattan Bank,* 265 F. Supp.2d at 451.

With regard to the remaining, less significant factors, Defendant alleges that its witnesses and documents are located in California. Although this may be so, Defendant has given no reason that such witnesses or records would be *unavailable for trial in Delaware*. Defendant sells its products throughout the country through a sales network that extends, similarly, throughout the country. If it can reach beyond the boundaries of the State of California to establish a highly profitable business with the illegal use of Plaintiff's protected images, it can certainly defend copyright infringement litigation in the state in which it chose to incorporate. Moreover, Leonard has demonstrated his willingness to litigate in Delaware, rendering Defendant's assertion that the case should be tried in California because Leonard is located in New York simply preposterous.

Finally, the public interest weighs heavily against transfer. The State of Delaware's interest "extends to these corporate citizens that have sought the protection of Delaware's laws."

*Motorola, Inc. v. PC-Tel, Inc.*, 58 F. Supp.2d 349, 356 (D. Del. 1999).  As stated above, Defendant cannot choose to limit its contact with the State of Delaware to benefiting from its status as a corporate citizen without accepting the concomitant obligations of that choice.

In light of the demonstrated preference of Leonard to litigate in Delaware, a jurisdiction where Defendant is admittedly properly sued, the availability of material records and witnesses to be brought to Delaware for trial, and the policy interests of Delaware in protecting its citizens from copyright infringement by its corporate citizens, there is absolutely no basis for the Court to transfer venue to California, a jurisdiction that is extremely inconvenient to Leonard.

## III.    CONCLUSION

For all the foregoing reasons, Plaintiff Andrew Paul Leonard respectfully requests that the Court deny Defendant's Motion to Transfer Venue to California.

|  | **SAUL EWING LLP** |
|---|---|
| OF COUNSEL: | /s/ Candice Toll Aaron |
| Sherry H. Flax | Candice Toll Aaron (DE No. 4465) |
| SAUL EWING, LLP | 222 Delaware Avenue, Suite 1200 |
| Lockwood Place | P.O. Box 1266 |
| 500 East Pratt Street, Suite 900 | Wilmington, DE 19899-1266 |
| Baltimore, MD 21202-3171 | (302) 421-6800 |
| Ph: (410) 332-8600 | (302) 421-6813 |
| Fax: (410) 332-8862 | caaron@saul.com |
| Dated: June 4, 2008 | *Counsel for Plaintiff Andrew Paul Leonard* |