IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDREW PAUL LEONARD, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 08-67-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| STEMTECH HEALTH SCIENCES, INC. | ) | |
| and JOHN DOES 1-100, Inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR CHANGE OF VENUE**

Defendant STEMTECH HEALTH SCIENCES, INC. (hereinafter "DEFENDANT") by and through its counsel of record, hereby submits this Reply to Plaintiff's Opposition to Motion for Change of Venue.

**I.   INTRODUCTION**

1.   This action arises out of a claim of alleged copyright infringement asserted by Plaintiff ANDREW PAUL LEONARD (hereinafter "LEONARD" or "PLAINTIFF") that was filed in the United States District Court, District of Delaware (hereinafter "DELAWARE COURT") on or about February 1, 2008. In his Complaint, PLAINTIFF alleges that DEFENDANT unlawfully copied and used PLAINTIFF'S unique image on multiple websites. PLAINTIFF, as noted in his complaint, is a resident of New York. DEFENDANT is a corporation organized and existing under the laws of Delaware with its principal place of business in Orange County, California.

2. DEFENDANT has filed a Motion for Change of Venue of this matter seeking to move this case from the DELAWARE COURT to the United States District Court for the Central District of California (hereinafter "CALIFORNIA COURT")

## II. CALIFORNIA IS THE MORE CONVIENENT FORUM

3. PLAINTIFF opposes DEFENDANT'S Motion for Change on Venue based largely on the fact that the DELAWARE COURT was PLAINTIFF'S choice of forum. PLAINTIFF provides no reason or justification for this choice, other than DEFENDANT "chose to avail itself of the privilege of incorporating in Delaware" and notably includes no argument that the DELAWARE COURT is a more convenient forum. Instead PLAINTIFF relies largely on the fact that the DELAWARE COURT is PLAINTIFF'S choice of forum. Though PLAINTIFF'S choice of forum is important, it is not the sole basis on which a Motion to Change Venue is evaluated. There are many other factors to address a Motion for Change of Venue for Forum Non Conviens.

4. DEFENDANT'S preferred forum choice is a factor court's assess in evaluating a Motion for Change of Venue. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-880 (3d. Cir. 1995). As stated before, DEFENDANT is attempting to have this matter heard in the more convenient forum. The CALIFORNIA COURT is the more convenient forum, with a greater interest in the litigation, easier and quicker access to witnesses and evidence, the area where the source of the dispute arose, and in fact has a faster speed by which the matter will proceed to trial. All of these reasons are the basis why this is DEFENDANT'S preferred choice of forum, and also why it is the more convenient forum.

5. Another factor to consider is where the claim arose. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-880 (3d. Cir. 1995). PLAINTIFF argues that the alleged infringement occurred "throughout the country, not in any particular jurisdiction." This is not the standard, "[w]hat is jurisdiction specific is the source of the alleged infringement." *Chase Manhattan Bank, USA, N.A. v. Freedom Card, Inc.*, 265 F. Supp. 2d 445, 451 (D. Del. 2003). PLAINTIFF does not dispute that the agreements and contracts between parties arose in California, and further PLAINTIFF does not dispute that the websites are owned and maintained by DEFENDANT in California which are the sources of the alleged activity. PLAINTIFF does not challenge that the "source" of the alleged infringement is in California, but instead asserts that the infringing activity occurred "throughout the country." Here, California is the source of the alleged infringing activity, and as such, the cause of action arose in California.

6. Another factor that is considered is the convenience of parties. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d. Cir. 1995). DEFENDANT'S principal place of business is in California. All of DEFENDANT'S employees are in California and California residents. The parties will have a more convenient access to evidence, witnesses, and information in California, which PLAINTIFF does not dispute. In fact, PLAINTIFF himself has no more convenience in Delaware than in California, as PLAINTIFF is a New York resident. PLAINTIFF at no time provides any evidence or even a statement that the DELAWARE COURT is the more convenient forum for him, only stating that it was his choice.

7. An additional factor that is considered in determining a Motion for Change of Venue are the practical considerations that could make the trial easier, quicker

and less expensive. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-880 (3d. Cir. 1995). As stated in Defendant's Motion for Change of Venue, the median months it will take for the matter to reach trial is shorter in the CALIFORNIA COURT than in the DELAWARE COURT. PLAINTIFF at no time disputes this fact, or that the matter will more likely have a quicker speed to trial in the CALIFORNIA COURT than DELAWARE COURT.

8. Further, a majority of the witnesses and evidence is in California, which PLAINTIFF does not dispute. This will cause additional costs for both parties should the matter remain in the DELAWARE COURT, including, but not limited to, costs for out of state shipping, costs of plane flights, costs of hotel rooms, costs of association with out of state counsel, costs of long distance phone calls, and other expenses associated with a matter being tried several states away. However, a majority of these costs will be greatly reduced should the matter be held in the CALIFORNIA COURT. At no time in PLAINTIFF's Opposition does PLAINTIFF dispute this fact, or even attempt to argue that PLAINTIFF's expenses will be increased as a result of the matter being heard in the CALIFORNIA COURT.

9. As such, the interest of justice weighs in favor of the case being held in the CALIFORNIA COURT instead of the DELAWARE COURT.

II. **CALIFORNIA IS THE MORE CONVIENENT FORUM FOR WITNESSES AND EVIDENCE**

10. An important factor to consider in a Motion for Change of Venue is the convenience of the witnesses. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-880 (3d. Cir. 1995). In this matter, almost all of DEFENDANT'S witnesses in this matter will be California witnesses, including, but not limited, to Bonnie Goldfien, Jon Meyer, Ray

Carter, and Kelly Burnett. PLAINTIFF does not dispute that a large majority of all witnesses will be from California, and in fact provides no statement that anyone other than PLAINTIFF will be from somewhere other than California. This is important as both the convenience of access to these witnesses, but also in the ability to compel these witnesses to appear in the DELAWARE COURT. Though there will be the ability to compel DEFENDANT'S Board of Directors and Managing principals, employees, and former employees will be far more difficult, if not impossible, to compel to trial in the DELAWARE COURT. Though at this time, discovery has not yet commenced, and all witnesses are not yet identified, there is a strong likelihood that many of the witnesses will not be subject to this jurisdiction of Delaware.

11.   Further, a large majority of the evidence is in California, which PLAINTIFF does not dispute. Since this matter involves a dispute regarding websites, there will most likely be a need to investigate the computers, electronic records, and maintaining of the websites, some of which cannot be removed and sent to Delaware.

12.   Of note, there will be more convenience to the parties with respect to these witnesses and evidence in California than Delaware. Should the matter remain in Delaware there will be costs for out of state shipping, plane flights, hotel rooms, association with out of state counsel, long distance phone calls, and other expenses associated with a matter being tried several states away for both parties. Should this matter be transferred to the CALIFORNIA COURT these expenses will be greatly diminished. Further, since a large majority of the witnesses are in California, there will be easier access to arranging both depositions, and testimony. There will be a great savings on shipping, filings, and other legal costs, as well as a stronger ability to provide

witnesses and evidence which otherwise would be unavailable to the DELAWARE COURT.

13. Further, PLAINTIFF at no time disputes that a transfer to the CALIFORNIA COURT will not result in a significant increase in costs to PLAINTIFF. Further, PLAINTIFF does not dispute that PLAINTIFF will be required to come to California for the purposes of certain discovery for the matter regardless of the matter being in the DELAWARE COURT given the abundance of evidence and witnesses in California.

14. A transfer from the DELAWARE COURT to the CALIFORNIA COURT is more convenient for both parties, the witnesses and evidence, and in fact provides for an easier, quicker, and less expensive trial. As such, the Motion for Change of Venue should be granted.

### III. PUBLIC INTEREST WEIGHS HEAVILY IN FAVOR OF CALIFORNIA LITIGATING THIS MATTER

15. In PLAINTIFF'S Opposition, PLAINTIFF asserts that "public interest weighs heavily against transfer" as "[DEFENDANT] cannot chose to limit its contact with the State of Delaware to benefitting its status of corporate citizen without accepting the concomitant obligations of that choice." Though DEFENDANT does not deny the DELAWARE COURT clearly has an interest in litigating this matter, that sole factor does not show DELAWARE has a greater interest in litigating the matter than California.

16. PLAINTIFF does not dispute that DEFENDANT'S principal place of business is in California, PLAINTIFF does not dispute that the alleged infringing websites are owned and maintained in California, PLAINTIFF does not dispute a large majority of the witnesses, evidence, are in California, and PLAINTIFF does not dispute a

large majority of the actions surrounding the litigation occurred in California. California is interested in adjudicating its disputes in this matter as this is the place where the source of the dispute arose, and the place in which all business was conducted. California would be interested in addressing alleged infringing activities that are from websites owned and maintained in California, and agreements that stem from California as well.

17.     Though Delaware may have an interest, PLAINTIFF does not dispute that the websites are not owned and maintained in California, or that any agreements, or even communications occurred in California. In fact, there were no actions, events, contracts, communications, evidence, witnesses, or payments that occurred in Delaware. Delaware's sole interest in this matter is that DEFENDANT was incorporated in Delaware, and to see matters litigated regarding entities that are incorporated under its laws litigated within its jurisdiction. As a result, the interests of justice weigh in favor of the case being transferred to the CALIFORNIA COURT from the DELAWARE COURT.

18.     Additionally, PLAINTIFF does not dispute that the speed at which the case will proceed through trial is shorter in California than in Delaware, or that the CALIFORNIA COURT is familiar with the applicable law, and the CALIFORNIA COURT has a greater desire of resolving the conflict in its locale than Delaware, as California is where the controversy arises out of. AS such, the interests of justice weigh in favor of the case being transferred to the CALIFORNIA COURT from the DELAWARE COURT.

### III. CONCLUSION

19. Delaware is not the proper venue for this matter because it is not the state in which the source of PLAINTIFF'S claim arose. Further, Delaware is not the state in which the percipient witnesses and other evidence relevant to the PLAINTIFF'S claim is located. The source of the claim arose in Orange County, California, where all of the witnesses and evidence surrounding PLAINTIFF'S agreements, maintaining of websites, and conversation are located. Delaware has nothing to do whatsoever with the facts underlying the instant action. The only link that Delaware has to this action before this court is that DEFENDANT is incorporated under the laws of Delaware. Accordingly, venue should be transferred to the United States District Court California, Central District.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Stemtech Health Sciences, Inc.*

*Of Counsel:*

Kathleen Mary Kushi Carter
Michael C. Herzog
Hollins Schechter
1851 East First Street, Sixth Floor
Santa Ana, CA 92705-4017

Dated: June 16, 2008