IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANDREW PAUL LEONARD, :
:
Plaintiff, :
:
v. : Civil Action No. 08-67-JJF
:
STEMTECH HEALTH SCIENCES, INC. :
and JOHN DOES 1-100, Inclusive, :
:
Defendant. :

---

Sherry H. Flax, Esquire of SAUL EWING, LLP, Baltimore, Maryland.

Candice Toll Aaron, Esquire of SAUL EWING, LLP, Wilmington, Delaware.

Attorneys for Plaintiff Andrew Paul Leonard.

Kathleen Mary Kushi Carter, Esquire and Michael C. Herzog, Esquire of HOLLINS SCHECHTER, Santa Ana, California.

Steven J. Balick, Esquire; John G. Day, Esquire and Lauren E. Maguire, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Defendant Stemtech Health Sciences, Inc.

---

**MEMORANDUM OPINION**

December 19, 2008
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is Defendant Stemtech Health Sciences, Inc.'s Motion For Change Of Venue. (D.I. 18.) For the reasons discussed, the Court will deny Stemtech's Motion.

**BACKGROUND**

Defendant Stemtech Health Sciences, Inc. ("Stemtech") is a Delaware corporation with its principal place of business in San Clemente, California. (D.I. 1 ¶ 3.) Stemtech is a direct sales organization through which distributors sell Stemtech's StemEnhance product. (D.I. 6 ¶ 13.)

Plaintiff Andrew Paul Leonard ("Leonard") is a resident of the state of New York and is in the business of microscopic photography, which pertains to the preparation of images that are allegedly desirable in the medical, pharmaceutical and research industries. (D.I. 1 ¶ 10.) Leonard brought this action on February 1, 2008, alleging that Stemtech willfully infringed his copyright on two images of human bone marrow stem cells when, without authorization, it used these images on Internet websites, in publications, and in video presentations. (Id. ¶ 15.)

On May 14, 2008, Defendant moved pursuant to 28 U.S.C. § 1404 to transfer this action to the United States District Court for the Central District of California.[1] (D.I. 18.) Relying on

---

[1] Though Stemtech's Motion is entitled "Motion For Change Of Venue," its briefing repeatedly refers to such things as "transfer of venue for forum non conveniens," (see, e.g., D.I. 18

authority from the Northern District of Illinois, Stemtech contends that Leonard's choice of forum is entitled to little deference because, even though Stemtech is a Delaware corporation, there "were no agreements between parties made in Delaware, nor were there any correspondences, meetings, or business transactions conducted" in Delaware. (Id. ¶ 10.) Any alleged copyright infringement, Stemtech contends, took place in California, where Stemtech maintains websites that displayed the copyrighted images. (Id. ¶ 11.) Stemtech further asserts that "almost all correspondences, communications, and business conducted between parties are in California," such that greater ease of access to evidence in California. (Id.) Likewise, Stemtech identifies four allegedly key witnesses (Bonnie Goldfien, Jon Meyer, Ray Carter, and Kelly Burnett) that are all located in California. (Id. ¶ 14.) In these circumstances, Stemtech contends that litigating in Delaware will incur unnecessary costs for "shipping, plane flights, hotel rooms, association with out of state counsel, long distance phone calls, and other expenses . . . ." (Id. ¶ 15.) With regard to Leonard's expenses if the case were to be transferred to

---

at 3), raising some uncertainty as to whether Stemtech is requesting transfer pursuant to 28 U.S.C. § 1404 or dismissal pursuant to the forum non conveniens doctrine. However, the caselaw relied upon by Stemtech, including the caselaw it cites when referring to forum non conveniens, pertains to transfer pursuant to 28 U.S.C. § 1404. Accordingly, the Court understands Stemtech to be seeking transfer pursuant to 28 U.S.C. § 1404.

California, Stemtech notes that since Leonard is in New York and his counsel is in Maryland, they must both travel to Delaware to litigate. Asking them to travel to California instead, Stemtech contends, "will only slightly affect [Leonard's] expenses, if at all." (Id. ¶ 17.) Finally, Stemtech contends that the matter should be transferred to California because, on average, cases proceed to trial about six months faster than they do in Delaware. (Id. ¶ 20.)

In response, Leonard points out that Stemtech is a Delaware corporation. Leonard thus questions Stemtech's general position that it would be inconvenient for it to litigate in this Court. (D.I. 21 at 2.) Indeed, Leonard asserts that he chose to file suit in Delaware precisely because Stemtech is a Delaware corporation. (Id. at 3.) To the extent Stemtech contends it would be more costly for it to litigate in Delaware as compared to California, Leonard urges that Stemtech has made no showing that witnesses or records would be unavailable for trial in Delaware. (Id.) In this regard, Leonard asserts that Stemtech sells products throughout the country via a nationwide sales network. If Stemtech can do this, Leonard contends, it can also litigate a case in Delaware. (Id.)

## DISCUSSION

### I. Legal Standard

In determining whether to transfer a case pursuant to § 1404(a), courts in the Third Circuit apply the public and private interest factors outlined in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995). With regard to the private interests, courts consider: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora. Id. at 879. With regard to the public interests, courts consider: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law. Id. at 879-80.

### II. Decision

Particularly instructive in this case is the recent decision in Alcoa Inc. v. Alcan Inc., No. 06-451-SLR, 2007 U.S. Dist. LEXIS 47652 (D. Del. July 2, 2007). In Alcoa three of the four defendants were Delaware corporations while the Plaintiff had its

principal place of business in New York.[2] Alcoa, 2007 U.S. Dist. LEXIS 47652 at *9. The arguments offered by the defendant in Alcoa in support of its motion to transfer venue were quite similar to those offered by Stemtech in this case. The Alcoa court summarized these arguments as follows:

> Defendants argue that the present dispute arose in California, and litigation in the Central District of California would be more convenient because most if not all of the party and non-party witnesses who will testify at trial reside in that district, which is outside of the subpoena power of this court. Defendants state that none of the relevant documents are located in Delaware. Defendants characterize the present action as a involving environmental regulation which should be resolved in the forum closest to those directly impacted by the suit. Finally, defendants claim that transfer to the Central District of California will be more efficient because cases proceed more quickly in that jurisdiction.

Id. at *8-*9 (internal citations and quotations omitted). As set forth below, upon reviewing the public and private interest factors in light of Alcoa, the Court concludes that transfer to the Central District of California is not warranted.

**A. The Private Interest Factors**

The plaintiff's choice of forum is entitled to "paramount consideration." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "[I]f the plaintiff's choice of forum relates to its

---

[2] In Alcoa, the plaintiff had at one point stated that its principal place of business was in Pennsylvania. Alcoa, 2007 U.S. Dist. LEXIS 47652 at *9 n.3. However, given that Pennsylvania and New York are both close to Delaware, this discrepancy has little relevance to the analysis here.

legitimate, rational concerns then the plaintiff's choice of forum is . . . accorded substantial weight." Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F.Supp. 759, 764 (D. Del. 1991). In Alcoa, the Plaintiff argued that its decision to litigate in Delaware should be respected because (1) three of the four defendants were incorporated in Delaware, (2) Delaware was close to plaintiff's place of business, (3) defendants were amenable to jurisdiction in Delaware, and (4) Delaware law would govern the dispute. Alcoa, 2007 U.S. Dist. LEXIS 47652 at *9. Against this backdrop, the Alcoa court concluded that "Defendants' complaints about litigating [in Delaware] are outweighed by the fact that [they] have enjoyed the benefits and protections of incorporation in Delaware and that the state has an interest in litigation regarding companies incorporated within its jurisdiction." Id. at *11. Although this case will not be governed by Delaware law, this case nevertheless parallels Alcoa because Leonard's home state of New York is only a short drive or train ride from Delaware, the state where Stemtech is incorporated and hence amenable to personal jurisdiction. Thus, following Alcoa, the Court will give little weight to Stemtech's complaints about litigating in Delaware. Indeed, in the Court's view, Leonard's decision to litigate in a state near his home state that also happens to be Stemtech's state of incorporation is highly reasonable. Thus, to prevail on its Motion, Stemtech

must prove that the remaining public and private factors strongly favor transfer.

With regard to the availability of witnesses, the defendant in Alcoa identified four party witnesses and over a dozen non-party witnesses that would allegedly be inconvenienced by litigating in Delaware. Four of these witnesses produced affidavits stating that they would be unwilling to travel to Delaware. Id. at *13. Nevertheless, the Court in Alcoa concluded that this consideration did not favor transfer, explaining that, regardless of where trial proceeds, discovery will be taken "in the same fashion" and could be presented at trial via recording rather than live testimony. Id. Here, though Stemtech identifies four witnesses that would allegedly be inconvenienced by travel to Delaware, they produce no affidavits or any other evidence to support this position. Likewise, Stemtech has made no showing that these witnesses would in fact be unavailable in Delaware, as Jumara requires for this consideration to favor transfer. Jumara, 55 F.3d at 879. Thus, just as this consideration did not support transfer in Alcoa, it does not support transfer here.

As to the availability of documents, the Court in Alcoa explained that documents could be produced in electronic format and declined to conclude that "the fact that books and records may reside in California at [defendant's] principal places of

business carries great weight, insofar as defendants have not identified any documents that would be too burdensome to ship to Delaware." The same logic applies equally here, and the Court will give this consideration little weight.

To the extent Stemtech contends that its preference for litigating in California favors transfer, the Court agrees with Leonard that because Stemtech is conducting business on a national scale it should not be considered overly burdensome for it to litigate in Delaware, which also is its place of incorporation. See Alcoa, 2007 U.S. Dist. LEXIS 47652 at *13 ("Moreover, the travel expenses and inconveniences incurred for trial here, by Delaware defendants conducting world-wide business, is not overly burdensome.")

In sum, the Court concludes that the remaining private interest factors do not outweigh the preference for Leonard's choice of forum.

**B. The Public Interest Factors**

Like the Defendant in Alcoa, Stemtech contends that this case should be transferred because the Central District of California will proceed more expeditiously than this Court. In Alcoa, this Court chose to give this public interest factor little weight because (1) the California court was allegedly only a few months faster, and (2) "the parties, through their conduct in discovery and commitment to streamlining the issues, may

greatly influence the relative complexity and length of litigation." Id. at *14. Here, Stemtech contends that the Central District of California will be at most about 6 months faster than this Court. (See D.I. 19, Exh A, B; D.I. 18 ¶ 20.) Furthermore, in the Court's view, the Alcoa court was correct in concluding that it is the parties themselves that will most greatly effect the overall speed of this case. Accordingly, the Court will give little weight to Stemtech's argument regarding the relative expeditiousness of this Court and the Central District of California.

Finally, Stemtech contends that California has a greater interest in litigating this dispute because a "large majority of the actions" pertaining to this litigation occurred in California, including the maintenance of websites that displayed the copyrighted images. See D.I. 23 ¶¶ 16, 17. However, this case is a copyright case, and, like patent cases, does not clearly "give rise to a local controversy or implicate local interests." See, e.g., Tristrata Tech., Inc. v. Emulgen Labs., Inc., 537 F. Supp. 2d 635, 643 (D. Del. 2008). However, at the same time, as the Court in Alcoa explained, and as Stemtech admits, Delaware "has an interest in litigation regarding companies incorporated within its jurisdiction." Alcoa, 2007 U.S. Dist. Lexis 47652 at *11; see also D.I. 23 ¶¶ 15-17. Weighing these considerations, the Court concludes that

California's alleged greater interest in litigating this dispute does not favor transfer.

**CONCLUSION**

Upon weighing the private and public interest factors set forth in Jumara, the Court concludes that they do not weigh strongly enough in favor of transfer to overcome the preference for Leonard's choice of forum. Accordingly, the Court will deny Stemtech's Motion To Change Venue. (D.I. 18.)

An appropriate order will be entered.