IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDREW PAUL LEONARD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 08-67-JJF |
| | : | |
| STEMTECH HEALTH SCIENCES, | : | |
| INC., and JOHN DOES 1-100, | : | |
| Inclusive, | : | |
| | : | |
| Defendants, | : | |

Jan I. Berlage, Esquire of GOHN, HANKEY & STICHEL, LLP,
Baltimore, Maryland.

James S. Green, Esquire of SEITZ, VAN OGTROP & GREEN, P.A.,
Wilmington, Delaware.

Attorneys for Plaintiff.

Kathleen Mary Kushi Carter, Esquire of HOLLINS SCHECHTER, Santa
Ana, California.

John G. Day, Esquire and Lauren E. Maguire, Esquire of ASHBY &
GEDDES, Wilmington, Delaware.

Attorneys for Defendants.

**MEMORANDUM OPINION**

July 16, 2010
Wilmington, Delaware.

**Farnan, District Judge.**

Pending before the Court are three motions filed by Plaintiff Andrew Paul Leonard ("Leonard"): (1) a Motion To Compel Defendant Stemtech Health Sciences, Inc.'s Answers To Plaintiff's Interrogatories (D.I. 44); (2) a Motion To Compel Deposition Of Defendant (D.I. 48); and (3) a Motion For Leave To File First Amended Complaint. (D.I. 49.) For the reasons discussed, the Court will grant Leonard's Motions.

## I. BACKGROUND

This action arises from the alleged unlicensed use by Defendant Stemtech Health Sciences, Inc. ("Stemtech") of biological images copyrighted by Leonard, a microscopic photographer. (D.I. 1) Although the parties agreed to a licensing arrangement for one of Leonard's images, Leonard alleges that Stemtech's eventual use of the image exceeded the scope of their agreement. He further alleges that Stemtech and its distributors infringed on his copyrights by using three of his copyrighted images in publications, videos, and internet sites, without a license and following a cease and desist letter. (Id.)

## II. DISCUSSION

### A. Motion To Compel

In pertinent part, Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any

2

nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As long as the information sought is reasonably calculated to lead to the discovery of admissible evidence, it is discoverable, even if it is ultimately not admissible at trial. Id.

By his Motion, Leonard seeks full and complete responses to Interrogatory Nos. 2, 3, 4, 8, 9, 10, 14 and 15. Stemtech has agreed to supplement its response to Interrogatory 9. With respect to the remaining Interrogatories, Stemtech objects to the Interrogatories and/or contends that the responses it has already provided are sufficient.

The Court has reviewed the parties' arguments as they relate to each of the identified Interrogatories and concludes that Stemtech must provide responses and/or supplemental responses to all of the identified Interrogatories, except Interrogatory No. 4. In reaching this conclusion, the Court is persuaded that the information requested by the Interrogatories has the potential to lead to the discovery of admissible evidence, and requiring Stemtech to respond and/or supplement its responses to these Interrogatories is not unduly burdensome.

Interrogatory No. 4. requests Stemtech to: "Describe in detail how you engage your Independent Distributors and identify all documents relating to your Independent Distributors." (D.I. 44.) In the Court's view, this Interrogatory is overly broad and

overly burdensome given the nature of Stemtech's business. The Court is not persuaded that Stemtech's process of establishing a relationship with an Independent Distributor is relevant to this action. To the extent that Leonard is seeking the identity of Stemtech's Distributors or information more closely aligned with its claims, the Court concludes that the information can be obtained by a more narrowly tailored interrogatory.

Leonard also seeks an award of costs and fees incurred in bringing this Motion pursuant to Fed. R. Civ. P. 37(a)(5). However, the Court finds Stemtech to have acted in good faith and with substantial justification in declining to further supplement and/or respond to the Interrogatories. Accordingly, Court will deny Leonard's Motion To Compel to the extent it seeks costs and fees and a response to Interrogatory No. 4, and grant the motion in all other respects.

B.    Motion To Compel Deposition Of Defendant

By its Motion To Compel Deposition Of Defendant, Leonard seeks to question Stemtech's Rule 30(b)(6) designee on a variety of topics and to compel Stemtech to produce documents related to the asserted deposition topics. In response, Stemtech contends that the disputed deposition topics are irrelevant to this litigation, and the production of documents encompasses documents protected by the attorney-client privilege.

The Court has reviewed the disputed deposition topics and

4

concludes that Leonard may explore the identified areas with Stemtech's Rule 30(b)(6) designee. Many of the identified topics overlap with the areas of discovery sought in the Interrogatories to which the Court has required supplemental responses, and the Court is persuaded that these areas of inquiry are legitimate and likely to lead to the discovery of admissible evidence. The Court further concludes that Stemtech is required to produce the relevant documentation, subject to any genuine claims of attorney-client privilege. In addition, for the reasons discussed in connection with the Motion To Compel interrogatory responses, the Court concludes that fees and costs incurred by Leonard in bringing this Motion are not warranted. Accordingly, the Court will deny Leonard's Motion To Compel Deposition Of Defendant to the extent it seeks costs and fees and grant the Motion in all other respects.

C.    Motion For Leave To File First Amended Complaint

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)(citing Fed. R. Civ. P. 15(a)). The decision to grant leave to amend lies within the discretion of the court, Foman v. Davis, 371 U.S. 178, 182 (1962); however, leave to amend should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a liberal policy

favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities. Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990). Thus, leave to amend should ordinarily be permitted absent a showing of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, or futility of the amendment. Foman, 371 U.S. at 182.

By his Motion, Leonard requests leave to amend the Complaint to (1) add claims for contributory copyright infringement and vicarious copyright infringement by Stemtech, and (2) to amend the relief sought to include actual or statutory damages and reasonable attorneys' fees and costs. In response, Stemtech contends that the proposed amendments, which include the addition of 37 new claims, should not be permitted, because they are prejudicial, made in bad faith, untimely and futile.

Specifically, Stemtech raises concerns regarding Leonard's proposed amendment to change the date upon which the alleged infringement occurred to a date after the images were registered. According to Stemtech, this proposed amendment is a deliberate attempt to avoid the statute of limitations and circumvent case law provided to Leonard by Stemtech during mediation demonstrating that a party is not entitled to recover statutory damages or attorneys' fees when the alleged infringement

6

commenced before the registration of the copyrighted images. Thus, Stemtech contends that this proposed amendment is contrary to Leonard's verified discovery responses and made in bad faith to avoid the consequences of a summary judgment motion that Stemtech has indicated it would be filing on these issues.

In reply, Leonard contends that it has revised its proposed Amended Complaint to delete all specific dates references to when Stemtech began its infringing activity. Leonard contends that its current proposal to delete specific date references leaves this issue open for further development of the factual record through discovery.

After reviewing the parties' arguments and the proposed amendments in light of the applicable case law, the Court concludes that leave to amend should be granted. Although a significant amount of time has passed since the filing of the original Complaint, the Court is not persuaded that the proposed amendments unduly prejudice Stemtech given the procedural posture of this case, which includes extension of the discovery period and the likely need for an amended Scheduling Order. See Cornell & Co. v. Occupational Safety & Health Review Com., 573 F.2d 820, 823 (3d Cir. 1978) ("Delay alone, however, is insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party.").

As for Stemtech's argument concerning alleged bad faith on the part of Leonard, particularly with regard to its attempt to avoid the commencement of infringement dates set forth in its initial Complaint, the Court is presented with more a difficult issue. While the circumstances cited by Stemtech give rise to the specter of bad faith, the Court concludes, at this juncture, that the inference is not strong enough to deny Leonard leave to amend. In reaching this conclusion, the Court is persuaded that the deletion of specific date references from the proposed Amended Complaint will leave this issue open for further development during discovery and will preserve Stemtech's ability to defend this action on the basis of a statute of limitations defense or a defense under the case law cited by Stemtech during mediation. Accordingly, the Court will grant Leonard's Motion To Amend.

## V. CONCLUSION

For the reasons discussed, the Court will grant Leonard's Motions To Compel and his Motion For Leave To File First Amended Complaint.

An appropriate Order will be entered.