# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW PAUL LEONARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No: 08-67-LPS |
| STEMTECH HEALTH SCIENCES, | ) |
| INC. and DOES 1-100, Inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT STEMTECH HEALTH SCIENCES, INC.'S
## OBJECTIONS TO THE AFFIDAVIT OF ANDREW PAUL LEONARD AND THE
## EXHIBITS ATTACHED THERETO FILED IN SUPPORT OF HIS OPPOSITION TO
## STEMTECH'S MOTION FOR SUMMARY JUDGMENT

CASARINO CHRISTMAN SHALK
RANSOM & DOSS, P.A.

Stephen P. Casarino, Esq.
Del. Bar ID No. 174
Joshua H. Meyeroff, Esq.
Del. Bar ID No. 5040
405 North King Street, Suite 300
P.O. Box 1276
Wilmington, DE 19899-1276
Telephone:    (302) 594-4500

*Attorneys for Stemtech Health Sciences, Inc.*

*Of Counsel:*

Kathleen Mary Kushi Carter
Christine R. Arnold
HOLLINS  LAW
2610 Main Street, Penthouse Suite 1300
Irvine, California 92614-4239
(714) 558-9119

Dated:  January 28, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| ANDREW PAUL LEONARD, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) C.A. No: 08-67-LPS |
| STEMTECH HEALTH SCIENCES, INC. and DOES 1-100, Inclusive, | ) |
| Defendants. | ) |

### DEFENDANT STEMTECH HEALTH SCIENCES, INC.'S OBJECTIONS TO THE AFFIDAVIT OF ANDREW PAUL LEONARD AND THE EXHIBITS ATTACHED THERETO FILED IN SUPPORT OF HIS OPPOSITION TO STEMTECH'S MOTION FOR SUMMARY JUDGMENT

Defendant Stemtech Health Sciences, Inc. hereby respectfully files the instant Objections to the Affidavit of Andrew Paul Leonard and the Exhibits Attached Thereto Filed in Support of his Opposition to Stemtech's Motion for Summary Judgment.

| Para/Ex. | Statement/Exhibit | Objection | Ruling |
|---|---|---|---|
| ¶ 2 | I am the creator and owner of the images of human bone marrow stem cells which are the subject of this case. | This statement: 1) lacks foundation; 2) calls for speculation; 3) assumes facts not in evidence; 4) constitutes an improper opinion; 5) constitutes inadmissible hearsay; 6) calls for a legal conclusion. | Sustained __ Overruled __ |
| ¶ 2 | In my opinion, the images of stem cells at issue in this case are the culmination of my art, and were and are unique. | This statement: 1) lacks foundation; 2) calls for speculation; 3) assumes facts not in evidence; 4) constitutes an | Sustained __ Overruled __ |

1

| Para/ Ex. | Statement/Exhibit | Objection | Ruling |
|---|---|---|---|
|  |  | improper opinion; 5) constitutes inadmissible hearsay; 6) is not relevant. |  |
| ¶ 4 | Image 3 (UA-1-426-178) was published by The Economist on July 7, 2001. | This statement: 1) is not relevant; 2) violates the best evidence rule. | Sustained __ Overruled __ |
| ¶ 4 | Image 4 (UA-1-426-177) was published by U.S. News & World Report on August 8, 2005. | This statement: 1) is not relevant; 2) violates the best evidence rule. | Sustained __ Overruled __ |
| ¶ 4 | Image 4 was published by Time on March 18, 2002. | This statement: 1) is not relevant; 2) violates the best evidence rule. | Sustained __ Overruled __ |
| ¶ 4 | Image 4 was published on the cover of Time on August 7, 2006. | This statement: 1) is not relevant; 2) violates the best evidence rule. | Sustained __ Overruled __ |
| ¶ 4 | I know that Time registered the March 18, 2002 magazine (U.S. Copyright Registration TX-5-502-346). | This statement: 1) is not relevant; 2) violates the best evidence rule. | Sustained __ Overruled __ |
| ¶ 4 | I believe that the other magazines were also registered. | This statement: 1) lacks foundation; 2) calls for speculation; 3) lacks personal knowledge; 4) assumes facts not in evidence; 5) is not relevant; 6) constitutes an improper opinion; 7) constitutes argument not fact. | Sustained __ Overruled __ |
| ¶ 5 | Mr. Crane inquired about use of image 4 in a Stemtech print publication, Heathspan, and on | This statement: 1) constitutes inadmissible hearsay. | Sustained __ Overruled __ |

2

| Para/ Ex. | Statement/Exhibit | Objection | Ruling |
|---|---|---|---|
| | its website. | | |
| ¶ 5 | Mr. Crane was very complimentary about my stemcell images and wanted to use them to advertise and promote StemTech's products. | This statement: 1) constitutes inadmissible hearsay; 2) lacks foundation; 3) calls for speculation; 4) assumes facts not in evidence; 5) constitutes an improper opinion; 6) is vague and ambiguous as to which "images" are referenced. | Sustained __ Overruled __ |
| ¶ 5 | I submitted an invoice for the use of the image in Healthspan (in two places) and on the website for one (1) year. | This statement: 1) misstates the document, which is the best evidence. | Sustained __ Overruled __ |
| ¶ 5 | Mr. Crane told me that StemTech did not want to use the image on their website. | This statement: 1) constitutes inadmissible hearsay. | Sustained __ Overruled __ |
| ¶ 6 | I discovered many more websites shortly thereafter which were displaying my images in connection with StemTech and the StemEnhance product. | This statement: 1) lacks foundation; 2) lacks personal knowledge; 3) assumes facts not in evidence; 4) constitutes an improper opinion; 5) calls for speculation; 6) constitutes inadmissible hearsay; 7) misstates the documents, which are the best evidence; 8) is vague and ambiguous as to which "images" are referenced. | Sustained __ Overruled __ |
| ¶ 6 | I realized that these multiple website uses of my images were | This statement: 1) lacks foundation; 2) lacks personal | Sustained __ Overruled __ |

3

| Para/ Ex. | Statement/Exhibit | Objection | Ruling |
|---|---|---|---|
| | connected to StemTech. | knowledge; 3) assumes facts not in evidence; 4) constitutes an improper opinion; 5) calls for speculation; 6) constitutes inadmissible hearsay; 7) misstates the documents, which are the best evidence; 8) constitutes argument not fact; 9) is vague and ambiguous as to which "images" are referenced. | |
| ¶ 7 | In November 2007, I was in contact with StemTech's corporate compliance officer, Donna Marie Serritella, regarding the multiple StemTech and StemTech representatives' unlicensed website uses of my images. | This statement: 1) lacks foundation; 2) lacks personal knowledge; 3) assumes facts not in evidence; 4) constitutes an improper opinion; 5) calls for speculation; 6) constitutes inadmissible hearsay; 7) calls for a legal conclusion; 8) constitutes argument not fact; 9) is vague and ambiguous as to which "images" are referenced. | Sustained __ Overruled __ |
| ¶ 7 | In December 2007, Ms. Serritella told me that because my image was on the cover of a major publication that made it "public for usage." | This statement: 1) constitutes inadmissible hearsay; 2) is not relevant; 3) misstates the document, which is the best evidence; 4) is vague and ambiguous as to which "images" are referenced. | Sustained __ Overruled __ |
| ¶ 8 | I continued to discover many | This statement: 1) lacks | Sustained __ |

4

| Para/Ex. | Statement/Exhibit | Objection | Ruling |
|---|---|---|---|
|  | StemTech and StemEnhance websites using my images through November and December of 2007. | foundation; 2) lacks personal knowledge; 3) misstates the documents, which are the best evidence; 4) assumes facts not in evidence; 5) constitutes argument not fact; 6) calls for speculation; 7) constitutes inadmissible hearsay; 8) is vague and ambiguous as to which "images" are referenced. | Overruled __ |
| ¶ 9 | On February 6, 2008, I discovered the use of my image 2 on a website stemcellfacts.net. | This statement: 1) constitutes inadmissible hearsay; 2) violates the best evidence rule. | Sustained __<br>Overruled __ |
| ¶ 9 | The website was selling StemEnhance. | This statement: 1) constitutes inadmissible hearsay; 2) violates the best evidence rule. | Sustained __<br>Overruled __ |
| ¶ 9 | That was my first discovery of my image 2 on a StemTech/StemEnhance website. | This statement: 1) constitutes inadmissible hearsay; 2) lacks foundation; 3) calls for speculation; 4) lacks personal knowledge; 5) assumes facts not in evidence; 6) constitutes an improper opinion; 7) constitutes argument not fact. | Sustained __<br>Overruled __ |
| ¶ 10 | On May 2008, I found a video, "The StemTech Story," on Google Videos, with multiple uses of my image 3. | This statement: 1) constitutes inadmissible hearsay; 2) violates the best evidence rule. | Sustained __<br>Overruled __ |
| ¶ 10 | I found the same video on | This statement: 1) constitutes | Sustained __ |

5

| Para/ Ex. | Statement/Exhibit | Objection | Ruling |
|---|---|---|---|
|  | MySpace Videos in April 2008. | inadmissible hearsay; 2) violates the best evidence rule. | Overruled __ |
| ¶ 11 | In May 2008, a friend of mine ordered a StemTech sales kit from a StemTech distributor. | This statement: 1) constitutes inadmissible hearsay; 2) lacks foundation; 3) lacks personal knowledge; 4) calls for speculation; 5) assumes facts not in evidence. | Sustained __ Overruled __ |
| ¶ 11 | The kit contained DVDs of videos: "The StemTech Story" and "Stem Cells and StemEnhanace with Christian Drapeau," each containing unauthorized representations of my registered images. | This statement: 1) constitutes inadmissible hearsay; 2) lacks foundation; 3) lacks personal knowledge; 4) calls for speculation; 5) assumes facts not in evidence; 6) violates the best evidence rule; 7) calls for a legal conclusion; 8) constitutes an improper opinion; 9) is vague and ambiguous as to which "images" are referenced. | Sustained __ Overruled __ |
| ¶ 12 | In July of 2008, I discovered a StemEnhance "Free Report" infringing my image 4 on multiple websites. | This statement: 1) constitutes inadmissible hearsay; 2) violates the best evidence rule; 3) calls for a legal conclusion; 4) assumes facts not in evidence. | Sustained __ Overruled __ |
| ¶ 12 | In November 2008, I found "The StemTech Story" on AOL Videos, each of which contained unlicensed copies of my images. | This statement: 1) constitutes inadmissible hearsay; 2) violates the best evidence rule; 3) calls for a legal conclusion; 4) assumes facts not in evidence; 5) is vague | Sustained __ Overruled __ |

| Para/ Ex. | Statement/Exhibit | Objection | Ruling |
|---|---|---|---|
| | | and ambiguous as to which "images" are referenced. | |
| ¶ 13 | Throughout 2009 and 2010, I continued to find multiple websites selling StemEnhance with "The StemTech Story," "Stemcells and StemEnhance with Christian Drapeau" and the "Free Report" attached, all still prominently using my images. | This statement: 1) constitutes inadmissible hearsay; 2) violates the best evidence rule; 3) assumes facts not in evidence; 4) constitutes an improper opinion; 5) is vague and ambiguous as to which "images" are referenced. | Sustained __ Overruled __ |
| ¶ 14 | As late as last week (January 5, 2011), I discovered active websites selling StemEnhance using my images at: http://stemenhancebenefitshealth.improvebodyhealth.com/, http://missymoran.blogspot.com/2009/06/stem-cell-technology-and-beauty.htm., http://www.coevolve.com/. | This statement: 1) constitutes inadmissible hearsay; 2) violates the best evidence rule; 3) is vague and ambiguous as to which "images" are referenced. | Sustained __ Overruled __ |
| ¶ 15 | "Stem Cell Science and Your Health," a "Free Report" by Rivka Rachel, M.D. and StemTech Health Sciences, Inc. is still on the internet at improvebodyhealth.com/pdf/stemenhance_report.pdf. | This statement: 1) constitutes inadmissible hearsay; 2) lacks foundation; 3) misstates the documents, which are the best evidence; 4) assumes facts not in evidence; 5) constitutes an improper opinion; 6) is not relevant; 7) is argument not fact. | Sustained __ Overruled __ |
| ¶ 15 | Attached hereto as Exhibit 3 is | This statement: 1) constitutes | Sustained __ |

7

| Para/ Ex. | Statement/Exhibit | Objection | Ruling |
|---|---|---|---|
|  | a "journal" I prepared, at the request of my attorneys, showing my images, a timeline of my dealings with StemTech, and my discovery of infringing uses of my images by StemTech and/or its distributors. | inadmissible hearsay; 2) lacks foundation; 3) assumes facts not in evidence; 4) constitutes an improper opinion; 5) is argument not fact; 6) calls for a legal conclusion; 7) is vague and ambiguous as to which "images" are referenced. | Overruled  __ |
| ¶ 16 | At no time have I licensed or authorized StemTech or any of its distributors to use my images on any website. | This statement: 1) constitutes inadmissible hearsay; 2) is vague and ambiguous as to which "images" are referenced; 3) calls for a legal conclusion. | Sustained  __<br>Overruled  __ |
| ¶ 16 | The only licensed use was for 2 uses of image 4 in StemTech's <u>Healthspan</u> Magazine for one year beginning in June 2006. | This statement: 1) constitutes inadmissible hearsay; 2) calls for a legal conclusion; 3) misstates the evidence; 4) lacks foundation. | Sustained  __<br>Overruled  __ |
| ¶ 16 | However, StemTech never paid the full invoice for that use. | This statement: 1) constitutes inadmissible hearsay; 2) misstates the evidence. | Sustained  __<br>Overruled  __ |
| ¶ 17 | The first time I was aware of any unlicensed use of my images on a StemTech and/or StemEnhance website was in October 2007, as noted in Paragraph 6 above. | This statement: 1) constitutes inadmissible hearsay; 2) misstates the evidence and Leonard's own judicial admissions and verified discovery responses; 3) calls for a legal conclusion; 4) lacks foundation. | Sustained  __<br>Overruled  __ |
| ¶ 17 | Since that time, and continuing to today, I have found literally | This statement: 1) constitutes inadmissible hearsay; 2) lacks | Sustained  __<br>Overruled  __ |

8

| Para/ Ex. | Statement/Exhibit | Objection | Ruling |
|---|---|---|---|
| | scores of websites utilizing my images in multiple places on those websites in connection with the sale of StemTech products, including, but not limited to StemEnhance. | foundation; 3) lacks personal knowledge; 4) calls for speculation; 5) assumes facts not in evidence; 6) violates the best evidence rule; 7) constitutes an improper opinion; 8) is vague and ambiguous as to which "images" are referenced. | |
| ¶ 18 | The vast majority of these websites were discovered and, I believe, created after December 20, 2007, the date my images were registered with the United States Copyright office. | This statement: 1) constitutes inadmissible hearsay; 2) lacks foundation; 3) lacks personal knowledge; 4) calls for speculation; 5) assumes facts not in evidence; 6) violates the best evidence rule; 7) constitutes an improper opinion; 8) is vague and ambiguous as to which "images" are referenced. | Sustained __ Overruled __ |
| ¶ 18 | I also know for a fact that infringing videos were disseminated after December 20, 2007, because my friend received two in May 2008, when he ordered a StemTech sales kit. | This statement: 1) constitutes inadmissible hearsay; 2) lacks foundation; 3) lacks personal knowledge; 4) calls for speculation; 5) assumes facts not in evidence; 6) violates the best evidence rule; 7) constitutes an improper opinion; 8) is vague and ambiguous as to which "images" are referenced. | Sustained __ Overruled __ |
| Ex. 2 | Article from Microscopy Today | This exhibit: 1) constitutes | Sustained __ |

9

| Para/ Ex. | Statement/Exhibit | Objection | Ruling |
|---|---|---|---|
| (¶ 2) | | inadmissible hearsay; 2) lacks foundation; 3) lacks authentication; 4) is irrelevant. | Overruled __ |
| Ex. 3 (¶ 15) | Leonard's "Journal" | This exhibit: 1) lacks foundation; 2) constitutes inadmissible hearsay; 3) lacks authentication; 4) violates the best evidence rule; 5) assumes facts not in evidence; 6) constitutes improper opinion; 7) is argument not fact; 8) calls for a legal conclusion; 9) calls for speculation. | Sustained __ Overruled __ |

DATED:  January 28, 2011

CASARINO CHRISTMAN SHALK
RANSOM & DOSS, P.A.

By: __/s/  Stephen Casarino_____
Stephen P. Casarino, Esq.
Del. Bar ID No. 174

*Of Counsel:*

Kathleen Mary Kushi Carter
Christine R. Arnold
HOLLINS  LAW
2610 Main Street, Penthouse Suite 1300
Irvine, California 92614-4239
(714) 558-9119

Joshua H. Meyeroff, Esq.
Del. Bar ID No. 5040
405 North King Street, Suite 300
P.O. Box 1276
Wilmington, DE 19899-1276
Telephone:	(302) 594-4500
Fax:	(302) 594-4509
Scasarino@casarino.com

*Attorneys for Stemtech Health Sciences, Inc.*