IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW PAUL LEONARD, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> STEMTECH HEALTH SCIENCES, INC. : <br> and DOES 1-100, Inclusive, : <br> : <br> Defendants. : <br> : | C.A. No. 08-067-LPS-CJB |

## **MEMORANDUM ORDER**

WHEREAS, Magistrate Judge Christopher J. Burke issued a Report and Recommendation ("Report") (D.I. 149), dated December 5, 2011, recommending that the Court grant the Motion for Summary Judgment ("Motion") (D.I. 101), which had been filed by Defendant Stemtech Health Sciences, Inc. ("Stemtech") on December 30, 2010;

WHEREAS, Plaintiff Andrew Paul Leonard ("Leonard") submitted Objections (D.I. 150) to the Report on December 22, 2011;

WHEREAS, Leonard does not object to the Report's recommendation that the Motion be granted as to the infringement of Leonard's image 2 and Leonard's claim for statutory damages (*id.* at 1);

WHEREAS, Leonard does, however, object to the Report's recommendation that the Motion also be granted with respect to Leonard's claim for actual damages and additional profits (*id.*);

WHEREAS, the Court has considered the Motion *de novo*, including by reviewing the

1

Report, Leonard's Objections, Stemtech's Response (D.I. 152), and the record evidence;[1]

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1. Leonard's Objections (D.I. 150) are **OVERRULED**, Magistrate Judge Burke's Report (D.I. 149) is **ADOPTED**, and Stemtech's Motion (D.I. 101) is **GRANTED**.

2. The 49-page Report is thorough and well-reasoned. Accordingly, most of the points raised by Leonard do not require discussion.

3. Leonard contends that he "has shown that Stemtech did place significant value on the infringing work, as Mr. Drapeau testified." (D.I. 150 at 4) However, the Court concludes that the evidence of record is not such that a reasonable factfinder could find, by a preponderance of the evidence, that – while perhaps "valuable" – the images contributed to sales. In other words, the Court agrees with the Report that Leonard has failed to meet his burden to establish the requisite causal nexus. (*See* Report at 39-48)

4. Leonard contends that "the Magistrate Judge takes the position that there can only be one reason why someone purchases a product, and from that proposition seems to justify instituting a higher burden for the plaintiff to meet its actual burden under [17 U.S.C.] § 504(b)." (D.I. 150 at 6) The Court finds that the Report does not take such a position. Instead, the Report accurately delineates, and applies, the proper burden, including that Leonard must establish that the images "*helped* to sell" Stemtech's products, *not* that they were the sole reason someone purchased such products. (*See* Report at 46) (emphasis added)

---

[1] When reviewing the decision of a magistrate judge on a dispositive matter, the Court conducts a *de novo* review. *See* 28 U.S.C. § 636(b)(l)(B); Fed. R. Civ. P. 72(b)(3). A motion for summary judgment is considered a dispositive matter and, therefore, the conclusions of the magistrate judge in connection with such a motion are reviewed *de novo*.

5. Leonard contends that the Report "failed to consider material facts and draw all reasonable inferences in favor of" him, citing to testimony of Stemtech's Chief Science Officer (Mr. Drapeau) and President (Ray Carter), as well as of Stephen Gerard of Photo Researchers. (D.I. 150 at 7-9) To the contrary, it is evident from the Report – and from the Magistrate Judge's overall handling of the proceedings before him, which included (in the less than four months between the referral order (D.I. 131) and the issuance of the Report) a teleconference (*see* D.I. 132), oral argument (*see* D.I. 134; D.I. 137), and additional post-hearing briefing (D.I. 138, 139) – that all of the record evidence was considered. (*See, e.g.*, Report at 44-48) Additionally, the Court concludes that, even crediting the cited testimony and drawing all reasonable inferences in Leonard's favor, a reasonable factfinder could not find the necessary causal nexus between Stemtech's infringing use of Leonard's images and any of Stemtech's profits.

6. Finally, Leonard contends that the Report "failed to properly take into account Mr. Leonard's expert's report," asserting that this error stems, at least in part, from "a fundamental misunderstanding of the facts, § 504(b) of the Copyright Act, and of human nature." (D.I. 150 at 9) The Court does not agree. It is evident from the Report that the Magistrate Judge considered the entirety of the expert's report; it is also clear that the Magistrate Judge correctly identified (and excerpted) the only portion of the expert report to discuss causation. (*See* Report at 44-45) (quoting D.I. 140 Ex. 1 at 30) The Court finds in the expert's report no additional discussion of causation. (*See, e.g.*, D.I. 140 Ex. 1 at 26-27) (section entitled "Actual Damages" but containing no discussion of causation) The Report properly rejected the expert report's "entirely conclusory" opinion. (Report at 47)

7. Notwithstanding the Court's overruling of Leonard's Objections, a few points

3

raised by Stemtech also require comment. Stemtech contends that Leonard's Objections should be overruled, without reaching the merits, because Leonard has "exceed[ed] the permissible page limit" and has "at this extremely late stage . . . inappropriately attemp[ed] to put additional evidence before the Court." (D.I. 152 at 2) The Court rejects these contentions. Leonard has "exceeded" the 10-page page limit on Objections only to the *de minimis* extent that he placed his one-sentence (three-line) "Conclusion" on page 11, along with a signature block, even though there was room to squeeze this one sentence onto page 10. Likewise, Leonard's Exhibit A to his Objections does not contain inappropriate "new evidence." Rather, Exhibit A consists of pages of deposition testimony (and an exhibit discussed in that testimony) which Leonard inadvertently omitted from the appendix he had filed in opposition to the Motion.

8. Finally, Stemtech objected to Leonard's request for oral argument (D.I. 153), on the basis that oral argument is only available "on the ***actual motion***," and not also when a District Judge reviews a Magistrate Judge's Report and Recommendation. (D.I. 154 at 2) (emphasis added) Stemtech is wrong for at least four reasons: (i) the Report does not (and cannot) dispose of the Motion, which remains pending unless and until the District Judge acts on the Motion, so the request for oral argument is a request for argument on the Motion; (ii) the Federal Rules of Civil Procedure contemplate that a District Judge may conduct any additional proceedings, if necessary, in order to rule on objections to a Report and Recommendation received from a Magistrate Judge, *see* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."); (iii) nothing in Local

4

Rule 7.1.4, nor any other Local Rule or Federal Rule of Civil Procedure, precludes oral argument on review of a Report and Recommendation; and (iv) the Local Rules of this District expressly recognize the discretion of any judge to act "in the interests of justice" in any particular case, *see* D. Del. LR 1.1(d) ("The application of the Rules in any case or proceeding may be modified by the Court in the interests of justice.").

9.   Nothing stated in paragraphs 7 and 8 above alters the conclusions reached by the Court on the merits of Stemtech's Motion, which the Court hereby **GRANTS**.

March 28, 2012
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE