# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW PAUL LEONARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) C.A. No: 08-067-LPS-CJB<br>STEMTECH HEALTH SCIENCES, ) Consolidated<br>INC. and DOES 1-100, Inclusive, )<br>)<br>Defendants. )<br>) | |

## RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f);

IT IS SO ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted on Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference.

2. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before October 22, 2012.

3. **Discovery.** Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

1487955

        a.      <u>Discovery Cut Off</u>.  All discovery in this consolidated case shall be initiated so that it will be completed on or before February 1, 2013.

        b.      <u>Document Production</u>.  Document production shall be completed on or before February 1, 2013.

        c.      <u>Requests for Admission</u>.  A maximum of 25 additional requests for admission are permitted for each side.  These additional 25 requests are over and above what the parties previously agreed to prior to consolidation of the actions.

        d.      <u>Interrogatories</u>.

            i.      A maximum of 25 additional interrogatories, including contention interrogatories, are permitted for each side.  These additional 25 interrogatories are over and above what the parties previously agreed to prior to consolidation of the actions.

            ii.      The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides: i.e., the more detail a party provides, the more detail a party shall receive.

        e.      <u>Depositions</u>.

            i.      <u>Limitation on Deposition Discovery</u>.  Each side is limited to the number of depositions upon oral examination as is set forth in Fed. R. Civ. P. 30 and 31.

            ii.      <u>Location of Depositions</u>.  Any party or representative

(officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      f.      <u>Disclosure of Expert Testimony</u>.

           i.      <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before February 22, 2013. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before March 8, 2013. Reply expert reports from the party with the initial burden of proof are due on or before March 22, 2013. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. The deposition of each expert shall be completed no later than forty-five (45) days from receipt of said expert's report, unless otherwise agreed in writing by the parties.

           ii.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

1487955

      g.      <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4591 to schedule a telephone conference. In addition to contacting Chambers with regard to scheduling the teleconference, the moving party or parties should also file a "[Joint] Motion for Teleconference To Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters – Motion to Resolve Discovery Dispute."

Not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. Not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition. Courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing.

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes or issues regarding protective orders, or motions for extension of time for briefing case-dispositive motions that are related to discovery matters are, in the first instance, to be addressed in accordance with this Order.

No motions to compel or motions for protective order shall be filed absent

approval of the Court.  Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

        4.      **Application to Court for Protective Order.**  A protective order relating to the disclosure of confidential information was approved in the lead case back on September 28, 2010.  The parties agree the subject protective order shall also apply to the consolidated case.

        5.      **Papers Filed Under Seal.**  When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

        6.      **Courtesy Copies.**  The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.).  This provision also applies to papers filed under seal.

        7.      **ADR Process.**  Pursuant to 28 U.S.C. § 636, this matter has been referred to Judge Fallon for the purpose of exploring the possibility of a settlement.  A telephone conference has been scheduled for October 9, 2012 at 2:30 p.m. EST with Judge Fallon to discuss ADR.

        8.      **Interim Status Report.**  On January 11, 2013, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

9. **Case Dispositive Motions.** All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before May 24, 2013. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of Court. A party seeking leave to file a case dispositive motion prior to ten (10) days before the deadline set forth above shall do so by filing a letter brief with the Court of no more than four (4) pages, explaining the reasons why an earlier-filed motion should be permitted. If any party wishes to contest this request, it may do so by filing a responsive letter brief of no more than four (4) pages, within seven (7) days from the date the requesting party filed its brief. No reply briefs shall be filed.

10. **Applications by Motion.** Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Pretrial Conference.** On September 23, 2013, the Court will hold a pretrial conference in Court with counsel beginning at 1:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before September 13, 2013. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be

1487955

necessary.

12. **<u>Motions in Limine.</u>**  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. **<u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u>**  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference.  This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

14. **<u>Trial.</u>**  This matter is scheduled for a four (4) day jury trial beginning at 9:30 a.m. on October 8, 2013, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in

which to present their respective cases.

                                                                                 _____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

1487955