**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**


| | | |
|---|---|---|
| ANDREW PAUL LEONARD, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 08-67 LPS-CJB |
| | ) | Consolidated |
| v. | ) | |
| | ) | |
| STEMTECH HEALTH SCIENCES, INC. | ) | |
| and JOHN DOES 1-100, Inclusive, | ) | |
| | ) | |
| Defendants. | ) | |


### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 3

**1.      Counter-Statement of Facts**

Defendant has had a full opportunity to seek to exclude Professor Sedlik's testimony and opinions in its <u>Daubert</u> Motion (D.I. 177).   The Court denied Defendant's <u>Daubert</u> Motion. Defendant now seeks to supplement its <u>Daubert</u> Motion by improperly attacking Professor Sedlik's report and opinions through a Motion <u>in</u> <u>Limine</u>.   Defendant's attempt to take a second bite out of the apple should be denied.

**2.      Professor Sedlik's Opinions are Not Improper Legal Conclusions**

The parties have reached an agreement on the first two points of Defendant's objection. The third point is moot in light of the Court's recommendation that Leonard II be dismissed. Points 4 and 5 are not legal opinions at all, but opinions on issues of fact which will assist the trier of fact.   As such, if Defendant had any issue, it should have been raised in its <u>Daubert</u> Motion.   By failing to raise these issues, Defendant has waived them.   In any event, Professor Sedlik is qualified to testify regarding the nature of the infringement which he has observed.

**3.      Professor Sedlik's Opinions are Not Speculative**

Professor Sedlik bases his opinions inter alia on his education, experience, and training in the fields of photography, copyright, and licensing.  The opinions and their bases have survived Defendant's Daubert Motion.  The cases cited by Defendant are post-Daubert opinions which apply Daubert.  As such, they add nothing to the arguments previously made and rejected. Moreover, the opinions belatedly challenged by Defendant are well within Professor Sedlik's area of expertise and are proper subjects for his expert testimony.

**4.      Professor Sedlik's Opinions are Properly Based on Leonard's Licensing History**

Defendant never sought discovery from Mr. Leonard regarding his licensing history beyond the stem cell images at issue in this case.  None of the licenses referenced at page 17 of Professor Sedlik's report involved those images.  Attached as Exhibit A are pertinent pages of Defendant's discovery showing that it sought licensing information only regarding Leonard's stem cell images and Plaintiff's responses showing that he provided that discovery.  Moreover, Stemtech's counsel never asked Professor Sedlik any questions about this subject at his deposition.

**5.      Professor Sedlik is Qualified to Opine on Electron Microscopy**

The time to challenge an expert's qualifications is in a Daubert motion.  Defendant has made that challenge and was unsuccessful.  In any event, Professor Sedlik is qualified to discuss microscopy.  Professor Sedlik has observed the electron microscopy process and has taken microscopic photographs for clients.  See deposition of Jeffrey Sedlik at 6-8 attached hereto as Exhibit B.  As such, he is qualified to testify in that regard.

WHEREFORE, for each of the foregoing reasons, Defendant's Motion in Limine to Exclude Professor Sedlik's testimony should be denied.

Date:  9/27/2013

SEITZ, VAN OGTROP & GREEN, P.A.


*/s/ James S. Green, Sr.*
_____
JAMES S. GREEN, SR. (DE0481)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-7603
jgreen@svglaw.com
        *Attorneys for Plaintiff*

*OF COUNSEL:*

JAN I. BERLAGE
GOHN, HANKEY & STICHEL, LLP
201 North Charles Street, Suite 2101
Baltimore, MD  21201
(41) 752-9300