# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW PAUL LEONARD, | ) CASE NO: CA 08-67 JJF |
| Plaintiff, | ) |
| v. | ) **DEFENDANT STEMTECH HEALTH** |
| | ) **SCIENCES, INC.'S REQUEST FOR** |
| STEMTECH HEALTH SCIENCES, | ) **PRODUCTION OF DOCUMENTS, SET** |
| INC., California Corporation; and DOES | ) **TWO, TO PLAINTIFF ANDREW PAUL** |
| 1-100, Inclusive, | ) **LEONARD** |
| | ) |
| Defendants. | ) HON. JOSEPH J. FARNAN, JR. |
| | ) DEPT. 4B |
| | ) |

### TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD HEREIN:

Pursuant to Rule 34 of the *Federal Rules of Civil Procedure*, Defendant STEMTECH HEALTH SCIENCES, INC. (hereinafter "STEMTECH" or "Defendant"), hereby propounds the following Request for Production of Documents, Set Two, on Plaintiff ANDREW PAUL LEONARD (hereinafter "LEONARD" or "Plaintiff"), and requests that he identify, by category, the listed documents, items or things set forth in this Request. In addition, in accordance with Rule 34 of the *Federal Rules of Civil Procedure*, Responding Party is also required to produce the original listed documents, items or things for inspection, photocopying and testing.

In responding to this Request, it is requested that Plaintiff identify, with particularity, the documents, papers, books, accounts, letters, photographs, objects or

1

tangible things falling within each category specified in this Request, which are in the custody, possession or control of Plaintiff.

This Request requires that Plaintiff do two things. First, Plaintiff is requested to identify each of the items, separately and specifically. Second, Plaintiff is required to identify which of these items will be produced at the time and place indicated, as well as specify which of the identified items will not be produced due to objection.

Pursuant to Rule 34 of the *Federal Rules of Civil Procedure*, Plaintiff must serve its written responses, under oath, within thirty (30) days after service of this Request. Consequently, the <u>production</u> of the requested documents, items and things must be completed on or before the date specified in this Request.

### DEFINITIONS

The following definitions apply to each of the Requests and are deemed to be incorporated herein.

a. YOU" and "YOUR" as used herein shall mean or refer to Plaintiff ANDREW PAUL LEONARD and anyone acting on YOUR behalf.

b. "DEFENDANT" refers to Defendant STEMTECH HEALTH SCIENCES, INC., and or its employees, agents, representatives, attorneys, or anyone else acting on its behalf.

c. "IMAGES" refers to the images currently in dispute, under registration number VA 1-426-177.

d. "DOCUMENT" or "DOCUMENTS" means any writing, however produced or reproduced, and includes, by way of example only and without limitation, the following: contracts, proposals, letters, memoranda, telegraphics, cables, purchase

2

19.    All DOCUMENTS that relate to and/or support YOUR contention that YOU have suffered damages to YOUR reputation as a result of DEFENDANT's copyright infringement of the IMAGES.

20.    All DOCUMENTS that relate to and/or evidence any licenses YOU have granted to any PERSON to use the IMAGES since their creation.

21.    All DOCUMENTS that relate to and/or evidence any COMMUNICATIONS YOU have had with any other PERSON, excluding YOUR attorneys, relating to any copyright infringement of the IMAGES.

22.    All DOCUMENTS that relate to and/or evidence any COMMUNICATIONS YOU have had with any other PERSON, excluding YOUR attorneys, relating to any copyright infringement of any other image YOU have created.

DATED: April 21, 2009

HOLLINS • SCHECHTER

By: _____
KATHLEEN MARY KUSHI CARTER
HOLLINS • SCHECHTER
1851 East First Street, 6th Floor
Santa Ana, California 92705-4017
Telephone: 714.558.9119
Fax: 714.558.9091
kcarter@hollins-law.com

Attorneys for Defendant, STEMTECH HEALTH
SCIENCES, INC.

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDREW PAUL LEONARD, | ) | CASE NO: CA 08-67 JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT STEMTECH HEALTH** |
| v. | ) | **SCIENCES, INC.'S SPECIAL** |
| | ) | **INTERROGATORIES, SET TWO, TO** |
| STEMTECH HEALTH SCIENCES, | ) | **PLAINTIFF ANDREW PAUL** |
| INC., California Corporation; and DOES | ) | **LEONARD** |
| 1-100, Inclusive, | ) | |
| | ) | |
| Defendants. | ) | HON. JOSEPH J. FARNAN, JR. |
| | ) | DEPT. 4B |
| | ) | |

## TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD HEREIN:

Pursuant to Rule 33 of the *Federal Rules of Civil Procedure*, Defendant

STEMTECH HEALTH SCIENCES, INC. (hereinafter "STEMTECH" or "Defendant"),

hereby propounds the following Special Interrogatories, Set Two, on Plaintiff ANDREW

PAUL LEONARD (hereinafter "LEONARD" or "Plaintiff"), and requests that he

provide full and complete answers, under oath, within thirty (30) days after service of

these Special Interrogatories.

///

///

///

1

## DEFINITIONS

The following definitions apply to each of the Interrogatories and are deemed to be incorporated herein.

a.     YOU" and "YOUR" as used herein shall mean or refer to Plaintiff ANDREW PAUL LEONARD and anyone acting on YOUR behalf.

b.     "DEFENDANT" refers to Defendant STEMTECH HEALTH SCIENCES, INC., and or its employees, agents, representatives, attorneys, or anyone else acting on its behalf.

c.     "IMAGES" refers to the images currently in dispute, under registration number VA 1-426-177.

d.     "IDENTIFY" means to provide the name, address, and telephone number of any INDIVIDUALS; or in the alternative, to provide the location, address, and name of custodian of record for any DOCUMENT or writing and to thereafter state the title, date, and subject matter of any DOCUMENT.

e.     "PERSON" or "PERSONS" mean or refer to any natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

## SPECIAL INTERROGATORIES

30.     Have YOU ever filed suit against any PERSON other than DEFENDANT for copyright infringement of the IMAGES?

31.     If YOUR response to Special Interrogatory No. 30 is "yes," please IDENTIFY each and every PERSON against whom YOU have filed suit for copyright infringement of the IMAGES.

HOLLINS ⬤ SCHECHTER
ATTORNEYS AT LAW

32. Have YOU ever asked any PERSON other than DEFENDANT to cease and desist using the IMAGES on the grounds that he or she was infringing upon YOUR copyright?

33. If YOUR response to Special Interrogatory No. 32 is "yes," please IDENTIFY each and every PERSON YOU have ever asked to cease and desist using the IMAGES on the grounds that he or she was infringing upon YOUR copyright.

34. What date was each of the IMAGES first published by YOU or any other PERSON?

35. Please IDENTIFY each and every PERSON to whom YOU have ever provided a license for use of the IMAGES.

36. Please state, with specificity, the price(s) YOU charged each and every PERSON for their respective license to use the IMAGES.

37. Please state, with specificity, YOUR reasons for registering the IMAGES in December of 2007.

38. Please state, with specificity, why YOU did not register the IMAGES until December of 2007.

39. Please describe, in detail, YOUR reasons for creating the IMAGES.

40. Were YOU employed at the time YOU created the IMAGES?

41. If YOUR response to Special Interrogatory No. 40 is "yes," please IDENTIFY who YOUR employer was at the time YOU created the IMAGES.

42. Did YOU create the IMAGES in the course and scope of YOUR employment?

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ANDREW PAUL LEONARD,

    Plaintiff,

    v.

STEMTECH HEALTH SCIENCES, INC.,
California Corporation; and DOES 1-100,
Inclusive,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO: CA 08-67 JJF

**RESPONSES OF PLAINTIFF TO
SPECIAL INTERROGATORIES, SET
TWO**

HON. JOSEPH J. FARNAN, JR.
DEPT. 4B

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Andrew Paul Leonard ("Plaintiff") hereby responds to the Request for Special Interrogatories, Set No. One, of Defendant StemTech Health Sciences, Inc. ("Defendant").

### RESPONSES TO SPECIAL INTERROGATORIES

30.    Have YOU ever filed suit against any PERSON other than DEFENDANT for copyright infringement of the IMAGES?

Response: No.

31.    IF YOUR response to Special Interrogatory No. 30 is "yes," please IDENTIFY each and every PERSON against whom YOU have filed suit for copyright infringement of the IMAGES.

Response: No response.

32.    Have YOU ever asked any PERSON other than DEFENDANT to cease and desist using the IMAGES on the grounds that he or she was infringing upon YOUR copyright?

Response: Yes.

33.     If YOUR response to Special Interrogatory No. 32 is "yes," please IDENTIFY each and every PERSON YOU have ever asked to cease and desist using the IMAGES on the grounds that he or she was infringing upon YOUR copyright.

Response:  Pursuant to Federal Rule of Civil Procedure 33 (d), Plaintiff will produce responsive documents.

34.     What date was each of the IMAGES first published by YOU or any other PERSON?

Response: The Images were first published in 2001.

35.     Please IDENTIFY each and every PERSON to whom YOU have ever provided a license for use of the IMAGES.

Response:  Pursuant to Federal Rule of Civil Procedure 33 (d), Plaintiff will produce responsive documents.

36.     Please state, with specificity, the price(s) YOU charged each and every PERSON for their respective license to use the IMAGES.

Response:  Pursuant to Federal Rule of Civil Procedure 33 (d), Plaintiff will produce responsive documents.

37.     Please state, with specificity, YOUR reasons for registering the IMAGES in December of 2007.

Response: The Images were registered in order to file suit the instant suit.

38.     Please state, with specificity, why YOU did not register the IMAGES until December of 2007.

Response: The Images were not registered until December of 2007 because there was no reason to obtain registration of the Images until occurrence of the circumstances giving rise to

the filing of the instant suit. Once created, the right to exclusive use and control of an original work attaches as a matter of law.

39.     Please describe, in detail, YOUR reasons for creating the IMAGES.

Response: I created the Images in the ordinary course of my business as APL Microscopic.

40.     Were YOU employed at the time YOU created the IMAGES?

Response: Yes.

41.     If YOUR response to Special Interrogatory No. 40 is "yes," please IDENTIFY who YOUR employer was at the time YOU created the IMAGES.

Response: Mt. Sinai School of Medicine, New York, NY.

42.     Did YOU create the IMAGES in the course and scope of YOUR employment?

Response: No.

43.     Was the creation of the IMAGES specially ordered or commissioned by any PERSON?

Response: No.

44.     If YOUR response to Special Interrogatory No. 43 is "yes," please IDENTIFY who specially ordered or commissioned the creation of the IMAGES.

Response: No response.

45.     Please state all facts that relate to and/or support YOUR contention that DEFENDANT is liable for use of the IMAGES on websites that it does not own or operate.

Response: Defendant made the Images available and authorized their use by its distributors for the purpose of marketing and selling Defendant's products. Defendant included the Images in a video that was provided as a CD to any person who ordered it.

46.     Please state, with specificity, all monetary damages YOU have suffered as a result of DEFENDANT's copyright infringement of the IMAGES.

Response: Plaintiff has not been able to calculate the monetary damages resulting from Defendant's copyright infringement of the Images because Defendant has not provided relevant information sought in Plaintiff's Interrogatories and Requests for Production of Documents to Defendant. Plaintiff will supplement this response upon receipt of this information.

47.     Please describe, in detail, all damages YOU have suffered to YOUR good will as a result of DEFENDANT's copyright infringement of the IMAGES.

Response: Plaintiff has not calculated monetary damages to his good will resulting from Defendant's copyright infringement of the Images at this time. Plaintiff will supplement this response upon receipt of the necessary information.

48.     Please describe, in detail, all damages YOU have suffered to YOUR reputation as a result of DEFENDANT's copyright infringement of the IMAGES.

Response: Plaintiff has not calculated monetary damages to his reputation resulting from Defendant's copyright infringement of the Images at this time. Plaintiff will supplement this response upon receipt of the necessary information.

49. How many times have YOU sued any PERSON for anything, including copyright infringement or any other claim?

Response: Zero.

DATED: June 3, 2009

I HEREBY CERTIFY, under the penalties of perjury, that the foregoing Responses to Special Interrogatories, Set Two, are true and correct to the best of my knowledge, information and belief.

Andrew Paul Leonard

Sherry H. Flax
Saul Ewing LLP
500 E. Pratt St.
Baltimore, MD 21202
(410) 332-8784
sflax@saul.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Sherry Flax, hereby certify that on this 4th day of June, 2009, Plaintiff's
Responses to Special Interrogatories, Set Two, was served via electronic mail to:
kcarter@hollins-law.com, and by first class U.S. mail, postage prepaid, to: Kathleen Mary Kushi
Carter, Hollins Schechter, 1851 East First Street, 66 Floor, Santa Ana, California 92705-4017.

Sherry H. Flax

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANDREW PAUL LEONARD, | ) | CASE NO: CA 08-67 JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF ANDREW PAUL** |
| v. | ) | **LEONARD'S RESPONSES TO** |
| | ) | **REQUEST FOR PRODUCTION OF** |
| STEMTECH HEALTH SCIENCES, INC., | ) | **DOCUMENTS, SET TWO** |
| California Corporation; and DOES 1-100, | ) | |
| Inclusive, | ) | |
| | ) | HON. JOSEPH J. FARNAN, JR. |
| Defendants. | ) | DEPT. 4B |
| | ) | |
| | ) | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Andrew

Paul Leonard ("Plaintiff") hereby responds to the Request for Production of Documents, Set No.

One, (the "Requests") of Defendant StemTech Health Sciences, Inc. ("Defendant").

### PRELIMINARY STATEMENT

These responses (the "Responses") are made solely for the purpose of and in relation to

this litigation. Plaintiff reserves the right to revise, correct, add to or clarify any of the answers

submitted herein.

The mere fact of a Response is not an admission, either express or implied, by Plaintiff

that the information provided is relevant or material to this litigation or responsive to any

particular Request. Plaintiff reserves the right to supplement or modify his Responses to present

later discovered information to the extent required by applicable law, and to introduce

information hereafter obtained.

### Responses

12.     All DOCUMENTS that relate to the creation of the IMAGES.

Response:  Plaintiff will produce responsive documents in his possession, custody or control.

13.     All DOCUMENTS that relate to and/or support YOUR contention that the IMAGES were created in 2001.

Response:  Plaintiff will produce responsive documents in his possession, custody or control.

14.     All DOCUMENTS that relate to and/or evidence the date the IMAGES were first published by YOU or any other PERSON.

Response:  Plaintiff will produce responsive documents in his possession, custody or control.

15.     All DOCUMENTS that relate to and/or evidence the date DEFENDANT first published the IMAGES without YOUR permission.

Response:  Plaintiff will produce responsive documents in his possession, custody or control.

16.     All DOCUMENTS that YOU claim evidence a copyright infringement of the IMAGES by DEFENDANT.

Response:  Plaintiff will produce responsive documents in his possession, custody or control.

17.     All DOCUMENTS that relate to and/or support YOUR contention that YOU have suffered monetary damages as a result of DEFENDANT's copyright infringement of the IMAGES.

Response: Plaintiff will produce responsive documents in his possession, custody or control.

18. All DOCUMENTS that relate to and/or support YOUR contention that YOU have suffered damages to YOUR good will as a result of DEFENDANT's copyright infringement of the IMAGES.

Response: Plaintiff will produce responsive documents in his possession, custody or control.

19. All DOCUMENTS that relate to and/or support YOUR contention that YOU have suffered damages to YOUR reputation as a result of DEFENDANT's copyright infringement of the IMAGES.

Response: Plaintiff will produce responsive documents in his possession, custody or control.

20. All DOCUMENTS that relate to and/or evidence any licenses YOU have granted to any PERSON to use the IMAGES since their creation.

Response: Plaintiff will produce responsive documents in his possession, custody or control.

21. All DOCUMENTS that relate to and/or evidence COMMUNICATIONS YOU have had with any other PERSON, excluding YOUR attorneys, relating to any copyright infringement of the IMAGES.

Response: Plaintiff will produce responsive documents in his possession, custody or control.

22.     All DOCUMENTS that relate to and/or evidence any COMMUNICATIONS

YOU have had with any other PERSON, excluding YOUR attorneys, relating to any copyright

infringement of any other image YOU have created.

Response:  Plaintiff will produce responsive documents in his possession, custody or

control.

DATED:  June 3, 2009

_____
Sherry H. Flax
Saul Ewing LLP
500 E. Pratt St.
Baltimore, MD 21202
(410) 332-8784
sflax@saul.com

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

        I, Sherry Flax, hereby certify that on this 4th day of June, 2009, Plaintiff's
Responses to Request for Production of Documents, Set Two, was served via electronic mail to:
kcarter@hollins-law.com, and by first class U.S. mail, postage prepaid, to:  Kathleen Mary Kushi
Carter, Hollins Schechter, 1851 East First Street, 66 Floor, Santa Ana, California  92705-4017.

_____
Sherry H. Flax

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Andrew Paul Leonard,

        Plaintiff,

    vs.                 Case No.
                         01-08-CV-67 (LPS)

Stemtech Heath Sciences,
Inc., et al.,

        Defendants.

_____

DEPOSITION OF EXPERT OF ART CENTER COLLEGE OF DESIGN

JEFF SEDLIK

VOLUME I

December 2, 2011

10:07 a.m.

2601 Main Street, Suite 1300

Irvine, California

REPORTED BY:

Angela M. Schubert

CSR No. 12027, CSR

1

1

2

3    APPEARANCES:

4

5            For Plaintiff:

6                    GOHN, HANKEY & STICHEL
                     JAN I. BERLAGE
7                    201 North Charles Street, Suite 2101
                     Baltimore, Maryland  21201
8                    410.752.9300
                     410.752.0892  Fax
9                    JBerlage@ghsllp.com

10

11           For Defendant:

12                   HOLLINS LAW
                     KATHLEEN CARTER
13                   2601 Main Street, Suite 1300
                     Irvine, California  92614
                     714.558.9119
14

15           Also Present:

16                   Andrew Paul Leonard, Plaintiff

17

18

19

20

21

22

23

24

25

                                                    2

1                    INDEX TO EXAMINATION

2

3              WITNESS:  JEFF SEDLIK, VOLUME I

4    EXAMINATION                                    PAGE

5         By Ms. Carter                              5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                        3

INDEX TO EXHIBITS

EXPERT JEFF SEDLIK OF ART CENTER COLLEGE OF DESIGN

VOLUME I

Andrew Paul Leonard vs Stemtech Heath Sciences, Inc.,
et al.

Friday, December 2, 2011

Angela M. Schubert, CSR No. 12027, CSR

| MARKED | DESCRIPTION | PAGE |
|--------|-------------|------|
| Exhibit 1 | Preliminary Expert Report and Disclosure of Professor Jeff Sedlik | 12 |

4

```
1                          IRVINE, CALIFORNIA;
2                    FRIDAY, DECEMBER 2, 2011, 10:07
3
4                             JEFF SEDLIK,
5             having been first duly sworn, was examined and
6                            testified as follows:
7
8                             EXAMINATION
9
10      BY MS. CARTER:
11           Q.   Would you state and spell your name for the
12      record please.
13           A.   Professor Jeff Sedlik, S-e-d-l-i-k.  And
14      Jeffrey is J-e-f-f-r-e-y.
15           Q.   And middle initial is B like boy?
16           A.   B as in Brian.
17           Q.   Have you had your deposition taken before,
18      Professor Sedlik?
19           A.   Yes.
20           Q.   And can you give me an idea on how many
21      occasions?
22           A.   I would be approximating but maybe 50.
23           Q.   And would that be within the last 5 to 10
24      years?
25           A.   Within the last 10 years.
```

5

1    Q.   Okay.  So are you comfortable dispensing with

2    the admonitions for the deposition having had your

3    deposition taken roughly 50 occasions?

4        A.   I can state for the record that I'm clear of

5    mind.  I haven't taken any drugs or alcohol recently

6    and I'm able to testify accurately as to my opinions in

7    this matter.

8        Q.   And you understand the testimony that you're

9    giving today is under oath?  The same penalties of

10   perjury apply as if you were testifying in a court of

11   law?

12       A.   Yes.

13       Q.   Okay.  And you're familiar with the process by

14   which you'll be given an opportunity to review the

15   transcript and make any changes or corrections that you

16   need?

17       A.   And I do request that opportunity.

18       Q.   And then you'll be requested to actually sign

19   the transcript under penalty of perjury as well.

20       A.   Yes.

21       Q.   All right.  I think that should cover us as

22   far as the admonitions go.  Have you ever done

23   microscopic photography yourself?

24       A.   Yes.

25       Q.   How much experience do you have in microscopic

6

1    photography?

2        A.   I'm not a professional microscopist.  I have

3    not used an electron microscope.  However I have

4    observed the process and I've also taken microscopic

5    photographs for clients.

6        Q.   Okay.  So that leads me to believe that

7    there's a methodology for taking microscopic

8    photographs other than the use of an electron

9    microscope?

10       A.   You can attach a camera to a microscope or any

11   kind of digital back using accessories and you can

12   capture images through the microscope of the subject

13   matter.

14       Q.   Okay.  Can you give me some examples of

15   subject matter of which you've taken microscopic

16   photographs, you personally?

17       A.   Certainly.  I had a job for Los Angeles Times

18   Sunday magazine to photograph a professor

19   coincidentally here at UC Irvine who was conducting

20   research into malaria and attempting to alter the DNA

21   of mosquitos so that they could no longer pass malaria.

22   I made a portrait of this researcher.  And

23   subsequently, on the same day here at UC Irvine down

24   the street, I used their lab and a microscope in their

25   lab to make what you might call a portrait of a

7

| | |
|---|---|
| 1 | mosquito's face. Face not being a scientific term. |
| 2 | Q. How do you know Andrew Leonard? |
| 3 | A. I initially received a call from either |
| 4 | Mr. Leonard or counsel inquiring as to my expertise |
| 5 | with regard to copyright industry standards advertising |
| 6 | and marketing. And at that point, I became familiar |
| 7 | with Mr. Leonard. Although after that initial contact, |
| 8 | I was able to connect the dots and understand who this |
| 9 | photographer was because he's a fairly well-known |
| 10 | photographer in terms of his work. He had a cover of |
| 11 | Time magazine some years ago with a stem cell |
| 12 | photograph. |
| 13 | Q. Okay. And when did you first become familiar |
| 14 | with Mr. Leonard and his work? |
| 15 | MR. BERLAGE: Objection. |
| 16 | THE WITNESS: I would have seen -- I had seen |
| 17 | the cover of Time magazine and that photograph at the |
| 18 | time that Time magazine came out as many people did. I |
| 19 | became familiar with Mr. Leonard's work to the extent |
| 20 | of connecting him with those photographs after I was |
| 21 | retained in this matter. |
| 22 | BY MS. CARTER: |
| 23 | Q. Do you know how much Mr. Leonard was paid by |
| 24 | Time for his photograph that was used on the cover of |
| 25 | the magazine? |

8