IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANDREW PAUL LEONARD, )
)
Plaintiff, )
)
v. )
) C.A. No: 08-067-LPS-CJB
STEMTECH HEALTH SCIENCES, ) Consolidated
INC. and DOES 1-100, Inclusive, )
)
Defendants. )
)

## DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3

Plaintiff incorrectly claims that all of the opinions challenged in this motion were or should have been raised in Stemtech's *Daubert* motion, which is not true. This motion is an appropriate means by which to challenge Sedlik's improper opinions.

### 1. SEDLIK'S LEGAL CONCLUSIONS MUST BE EXCLUDED

Points 4 and 5 are legal conclusions that must be excluded. *Dow Chemical Canada, Inc. v. HRD Corp.*, 656 F.Supp.2d 427, 435 (D. Del. 2009). Point 4 covers Sedlik's opinion that Stemtech willfully infringed upon Plaintiff's images, which is Sedlik's improper attempt to tell the jury what result to reach.[1] E.g., *Sparton Corp. v. U.S.*, 77 Fed.Cl. 1, 6-8 (2007). So too is point 5 that "Stemtech's widespread, global, pervasive exploitation of Leonard's photographs has destroyed the value of Leonard's images, and is the equivalent of an exclusive license."

### 2. SEDLIK'S SPECULATIVE OPINIONS MUST BE EXCLUDED

Sedlik has no foundation or basis to opine on any of the opinions challenged in this section and all constitute improper and baseless speculation.

---

[1] Stemtech's willfulness is irrelevant since statutory damages are out. Also, evidence of a defendant's willfulness is irrelevant to copyright infringement and prejudicial because "[i]ts only function would be in service of an attempt by plaintiff to prejudice the jury's assessment of damages and, if it proves to be an issue, liability by portraying defendants in an unflattering light." *Faulkner v. Natl. Geographic Socy.*, 576 F.Supp.2d 609, 613 (S.D.N.Y. 2008).

1

3.  **SEDLIK'S OPINIONS ON LICENSING HISTORY MUST BE EXCLUDED**

During discovery, Stemtech requested all documents that relate to and/or evidence the licensing fees Plaintiff charged or obtained for "each and every one of [his] images" from the date of first publication to the present. (Ex. 1, p. 6, No. 68; Ex. 2, No. 68.)[2] This request was <u>not</u> limited to the images in this lawsuit. Since Plaintiff failed to produce documents reflecting the fees Sedlik claims Plaintiff charged, such evidence must be excluded. Moreover, since Plaintiff concedes these charges were <u>not</u> for any of the images in this lawsuit, they are also irrelevant.

4.  **SEDLIK CONCEDES HE HAS NEVER DONE ELECTRON MICROSCOPY**

In his deposition, Sedlik admitted he "ha[s] not used an electron microscope" before and, therefore, he is not qualified to opine on this topic. (Ex. B to Opp., 6:25-7:13.)

DATED: October 1, 2013               CASARINO CHRISTMAN SHALK
                                      RANSOM & DOSS, P.A.

                                      By:     /s/ Stephen P. Casarino
*Associated Counsel:*                    Stephen P. Casarino (DE0174)
                                         405 North King Street, Suite 300
Kathleen Mary Kushi Carter               P.O. Box 1276
Christine R. Arnold                      Wilmington, DE 19899-1276
HOLLINS LAW                              Telephone: (302) 594-4500
2601 Main Street, Penthouse Suite 1300   Email: scasarino@casarino.com
Irvine, California 92614-4239
Telephone: (714) 558-9119                *Attorneys for Stemtech HealthSciences,*
                                         *Inc./Stemtech International, Inc.*

---

[2] Plaintiff must have missed this particular set of Requests for Production since he failed to attach them to his Opposition and incorrectly claimed that Stemtech never asked for any licensing documents other than those relating to the images at issue in this case. (Opp., p. 2; also Ex. A to Opp.)