IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANDREW PAUL LEONARD,          )
                                     )
                Plaintiff,        )
                                     )
           v.                 )      Civil Action No. 08–067–LPS–CJB
                                   )      Consolidated
STEMTECH HEALTH SCIENCES,  )
INC., et al.,                  )
                                     )
             Defendants.   )

## MEMORANDUM ORDER

## I.     BACKGROUND

In this consolidated action, Plaintiff Andrew Paul Leonard ("Plaintiff" or "Leonard")

brought suit against Defendant Stemtech Health Sciences, Inc./Stemtech International, Inc.

(collectively, "Stemtech" or "Defendant") and John Does 1-100 for copyright infringement in

violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, and the common law, relating to

certain photographic images of human bone marrow stem cells created by Plaintiff.[1]  Pending

before the Court are three motions in limine filed by Defendant which seek exclusion of the

following categories of evidence from trial:  (1) Defendant's financial condition, profits and

ownership ("Motion in Limine No. 1") (D.I. 202, ex. C); (2) any alleged infringements occurring

---

[1]      The consolidated cases are *Andrew Paul Leonard v. Stemtech Health Sciences, Inc. and John Does 1-100, Inclusive,* Civil Action No. 08-67-LPS-CJB ("*Leonard I*") and *Andrew Paul Leonard v. Stemtech International Inc.,* 12-86-LPS-CJB ("*Leonard II*").  Unless otherwise noted, citations to docket numbers are to documents that have been filed in the *Leonard I* action.  In this Memorandum Order, the Court will assume familiarity with the facts and procedural history detailed in its prior opinions in this action, *Leonard v. Stemtech Health Sciences, Inc.,* Civil Action No. 08-067-LPS-CJB, 2013 WL 5311295 (D. Del. Sept. 23, 2013); *Leonard v. Stemtech Health Scis., Inc.,* Civil Action No. 08-67-LPS-CJB, 2013 WL 5288266 (D. Del. Sept. 19, 2013); *Leonard v. Stemtech Int'l, Inc.,* Civ. Action No. 12-86-LPS-CJB, 2012 WL 3655512 (D. Del. Aug. 24, 2012); and *Leonard v. Stemtech Health Scis., Inc.,* Civil Action No. 08-67-LPS-CJB, 2011 WL 6046701 (D. Del. Dec. 5, 2011).

after July 16, 2010 ("Motion in Limine No. 2") (*id.*, ex. D); and (3) certain opinions of Plaintiff's

expert, Jeff Sedlik ("Motion in Limine No. 3") (*id.*, ex. E).  The motions are fully briefed, (D.I.

210-212), and trial is scheduled to begin on October 8, 2013, (D.I. 191).  For the reasons that

follow, the Court DENIES Motion in Limine No. 1; DENIES Motion in Limine No. 2; and

GRANTS-IN-PART Motion in Limine No. 3.

## II.     DISCUSSION

### A.     Legal Standard

A motion in limine is filed pre-trial and requests that the Court "prohibit opposing

counsel from referring to or offering evidence on matters prejudicial to the moving party."

*Laufen Int'l, Inc. v. Larry J. Lint Floor & Wall Covering, Co.*, No. 2:10-cv-199, 2012 WL

1458209, at *1 (W.D. Pa. Apr. 27, 2012).  The purpose of a motion in limine is to bar "irrelevant,

inadmissible, and prejudicial" issues from being introduced at trial, thus "narrow[ing] the

evidentiary issues for trial[.]" *Id.*  Evidence should not be excluded pursuant to a motion in

limine, unless it is clearly inadmissible on all potential grounds. *Laws v. Stevens Transport, Inc.*,

No. 2:12-cv-544, 2013 WL 4858653, at *1 (S.D. Ohio Sept. 11, 2013); *Looney Ricks Kiss*

*Architects, Inc. v. Bryan*, Civil No. 07-572, 2010 WL 5393864, at *1 (W.D. La. Dec. 22, 2010);

*Knowles Elec., LLC v. Microtronic U.S., Inc.*, No. 99 C 4681, 2000 WL 310305, at *1 (N.D. Ill.

Mar. 24, 2000).  The movant bears the burden of demonstrating that the evidence is inadmissable

on any relevant ground, and the court may deny a motion in limine when it lacks the necessary

specificity with respect to the evidence to be excluded. *Berry v. Mission Grp. Kan., Inc.*, No. 08-

2439-JPO, 2010 WL 2160897, at *1 (D. Kan. May 28, 2010); *Pivot Point Int'l, Inc. v. Charlene*

*Prods., Inc.*, No. 90 C 6933, 1996 WL 284940, at *3 (N.D. Ill. May 23, 1996).  Evidentiary

rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context. *Looney Ricks Kiss Architects*, 2010 WL 5393864, at *1; *Diehl v. Blaw-Knox*, No. 4:CV-01-0770, 2002 WL 34371510, at *1 (M.D. Pa. July 15, 2002); *Knowles Elec.*, 2000 WL 310305, at *1.

## B.    Motion in Limine No. 1

Defendant seeks to exclude all evidence and argument relating to its financial condition and profits, arguing that such evidence is "irrelevant to any element of Leonard's case, i.e., whether Stemtech directly, contributorily or vicariously infringed upon Images 3 or 4." (D.I. 202, ex. C at 1)[2] Alternatively, Defendant contends that even if this evidence is found to be relevant, it must be excluded pursuant to Federal Rule of Evidence 403, as its admission would severely prejudice Defendant, mislead the jury, confuse the issues, and waste valuable time. (*Id.*)

Here, Plaintiff's vicarious infringement claims against Defendant are linked to the alleged display of certain of Plaintiff's Images on websites belonging to independent distributors of Defendant's products. (D.I. 76 at ¶¶ 114-208) As Plaintiff notes in its principal argument, (D.I. 208 at 1), to establish a vicarious infringement claim, a plaintiff must allege and prove "that the defendant 'has the right and ability to supervise the infringing activity *and also has a direct financial interest in such activities.*'" *Parker v. Google, Inc.*, 242 F. App'x 833, 837 (3d Cir. 2007) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d

---

[2]    Defendant's Motion in Limine No. 1 also objected to the admission of evidence and argument relating to its ownership, but Plaintiff has subsequently agreed that he will not introduce any such evidence, rendering this objection moot. (D.I. 204 at 2)

Cir. 1971)) (emphasis added). In determining whether a defendant has a sufficiently direct financial interest in infringing activity to establish vicarious liability, courts have considered evidence relating to the alleged third party infringer's finances and/or profits in some way associated with the infringing activity, and to the financial relationship that the defendant/vicarious infringer had with that third party. *See, e.g., Universal Furniture Int'l, Inc. v. Frankel*, 835 F. Supp. 2d 35, 50 (M.D.N.C. 2011) (analyzing this element by considering not only whether defendant profited from alleged third party copyright infringement by one of his companies, but whether he had a "financial interest and profit-making intent" as the owner of the third party, and in doing so, reviewing the third party company's total sales and gross profits from the sale of infringing products and defendant's connection to those monies); *Data Gen. Corp. v. Grumman Data Sys. Corp.*, 886 F. Supp. 927, 930-31 & n.5 (D. Mass. 1994) (finding defendant vicariously liable for infringement by its wholly-owned subsidiary, and pointing not only to subsidiary's income related to copyright infringement, but also defendant owner's financial relationship with subsidiary and with subsidiary's income).

Defendant notes that the Court previously recommended grant of its motion for summary judgment in *Leonard I* with regard to Plaintiff's ability to recover Defendant's profits pursuant to 17 U.S.C. § 504, on the grounds that Plaintiff had not sufficiently demonstrated the required causal nexus under the law between the alleged infringement by Defendant's distributors and the distributors' gross revenue. (D.I. 210 at 2 (citing D.I. 149 at 37-49)) However, Defendant did not bring a summary judgment motion regarding the vicarious infringement claims. And here, it does not address whether the evidentiary requirements for proving a "direct financial interest in" the infringer's activities, for purposes of a vicarious infringement claim, are different from the

4

requirements for a claim for lost profits. (D.I. 210) In light of that, and with no information

from either side regarding the specific evidence of Stemtech's "profits or financial condition"

that is at issue, nor how that might be used in order to make out a vicarious infringement claim,

the Court lacks the necessary specificity with respect to the questioned evidence to determine that

it is "clearly inadmissible on all potential grounds."[3]  Therefore, the Court DENIES Defendant's

Motion in Limine No. 1.

### C.      Motion in Limine No. 2

Defendant seeks to exclude evidence of any alleged infringements occurring after July 16,

2010, the date on which Plaintiff filed his First Amended Complaint in *Leonard I*, arguing that

the only infringements at issue in this action are those identified in that Complaint. (D.I. 202, ex.

D at 3)[4]  Thus, Defendant asserts that any infringements occurring after July 16, 2010 are

irrelevant, and related evidence would confuse the issues, mislead the jury, waste valuable time

and prejudice Defendant. (*Id.*)

However, in light of the lack of information before the Court relating to these alleged

---

[3]      The denial of a motion in limine does not automatically equate to admission of the underlying evidence at trial. *Pivot Point Int'l*, 1996 WL 284940, at *6. Rather, denial simply means that, without the benefit of the proper context of trial, the Court cannot determine that the evidence in question is clearly inadmissable. *Id.*

[4]      While Defendant's motion exempted the alleged infringements that are specifically identified in Plaintiff's Complaint filed in *Leonard II*, the Court has issued a Report and Recommendation recommending that the District Court enter summary judgement in Defendant's favor with respect to the claim asserted by Plaintiff in that Complaint. *Leonard*, 2013 WL 5288266 at *12. Plaintiff's objections to the Report and Recommendation are currently pending before the District Court. (D.I. 206) To the extent the District Court adopts the Court's Report and Recommendation, Plaintiff has agreed that he will not introduce into evidence any alleged infringements regarding the version of Plaintiff's Image that was at issue in the *Leonard II* Complaint. (D.I. 204 at 2)

post-July 16, 2010 infringements, the Court cannot find, at this juncture, that such evidence is

clearly inadmissible on all potential grounds. The parties' briefing fails to describe the alleged

infringements at issue in any way, and so the Court is unable to ascertain the relationship

between these post-July 16, 2010 "infringements" and the alleged infringements described in the

First Amended Complaint. (Nor have the parties identified any case law in the copyright

arena—or any other arena—involving similar issues.) It is possible that some of this other

evidence may be, for example, so closely related to the alleged infringing activity described in

the First Amended Complaint that there may be a basis for its inclusion in the trial. In the

absence of more specific information about the nature of the post-July 16, 2010 evidence, and

why it is (or is not) alleged to be relevant to this action, the Court cannot rule that all such

evidence is inadmissible at this time. *Cf. Watts v. United Parcel Service*, No. 1:03-cv-00589,

2013 WL 4776976, at *12 (S.D. Ohio Sept. 5, 2013) (denying motion in limine where court

lacked detailed information about the evidence at issue ); *Abrams v. Ciba Speciality Chems.*

*Corp.*, Civil Action No. 08-0068-WS-B, 2010 WL 1141407, at *4 (S.D. Ala. Mar. 22, 2010)

(same). Accordingly, the Court DENIES Motion in Limine No. 2.

### D.     Motion in Limine No. 3

Defendant seeks to exclude four basic categories of opinions by Plaintiff's expert,

Professor Jeff Sedlik, which the Court will address in turn.[5]

---

[5]     At the outset, the parties dispute whether Defendant is improperly attacking Professor Sedlik's opinions through its motion in limine, and should have instead made such objections in a *Daubert* motion. (D.I. 207; D.I. 212) However, because at least some of the bases for the respective objections go beyond the concerns articulated in Federal Rule of Evidence 702, the Court will consider them here.

### 1.    Purported Legal Conclusions

First, Defendant seeks to exclude Professor Sedlik's opinions that: (1) Defendant willfully infringed Plaintiff's images, and (2) Defendant's use of Plaintiff's images is the equivalent of an exclusive license. (D.I. 202, ex. E at 2)[6] These are legal conclusions, Defendant argues, that the Rules of Evidence do not permit by way of expert testimony. (*Id.* at 1-2) As to Defendant's willfulness, Defendant further asserts that this topic is irrelevant, (*id.* at 2 n.2; D.I. 212 at 1 n.1), an argument that Plaintiff does not address in his opposition briefing, (D.I. 207 at 1).

Pursuant to the Court's prior rulings in this action, Plaintiff may not pursue statutory damages and attorney's fees; his damages claim is limited to actual damages. *Leonard*, 2011 WL 6046701, at *18, 24. The issue of willfulness is tied to statutory damages, as the Copyright Act provides that, where infringement was committed willfully, the court may increase a plaintiff's award of statutory damages. 17 U.S.C. § 504(c)(2); *see also Stevens v. Aeonian Press, Inc.*, No. 00 Civ. 6330(JSM), 2002 WL 31387224, at *1 (S.D.N.Y. Oct. 23, 2002). Thus, when statutory damages are not at issue in an action, "there is no proper role for proof of wilfulness," because a plaintiff need not prove wrongful intent on the part of a defendant in order to prevail on a copyright infringement claim. *See Faulkner v. Nat'l Geographic Soc'y*, 576 F. Supp. 2d 609, 613 & n.6 (S.D.N.Y. 2008) (evidence of willfulness not relevant in copyright infringement claim

---

[6]    Defendant's Motion identified five purported legal opinions by Professor Sedlik that it sought to exclude. (D.I. 202, ex. E at 2) Because the parties have subsequently reached agreement on the first two opinions, and the third opinion is moot in light of the Court's Report and Recommendation regarding the *Leonard II* Complaint, the Court will only focus on the final two purported legal opinions. (D.I. 204 at 3)

limited to actual damages, as its "only function would be in service of an attempt by plaintiff to prejudice the jury's assessment of damages and, if it proves to be in issue, liability by portraying defendants in an unflattering light"). For this reason alone, the Court GRANTS Defendant's Motion in Limine No. 2 with respect to Professor Sedlik's opinion that Defendant committed willful infringement. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

As to Professor Sedlik's statement that Defendant's use of Plaintiff's images is the equivalent of an exclusive license, Defendant has provided no legal support for its argument that this is an improper legal opinion, as opposed to a conclusion of fact. (D.I. 202, ex. E at 2; D.I. 212 at 1) The caselaw suggests that in other contexts, the issue of whether an exclusive license exists is a factual one. *See Decca Ltd. v. United States*, 640 F.2d 1156, 1180 n. 71 (Ct. Cl. 1980) (court's conclusion that patent rights taken by defendant amounted to an exclusive license harmonized with trial judge's fact-finding that such usage "was the equivalent of an exclusive license") (internal quotation marks omitted); *Beasley v. Commonwealth Edison Co.*, No. 11 CV 4973, 2013 WL 4564857, at *7 (N.D. Ill. Aug. 28, 2013) (refusing to conclude as a matter of law that plaintiff granted defendant an exclusive license, as nature and extent of rights transferred is an issue of material fact to be decided by jury). Accordingly, because the Court is not persuaded that Professor Sedlik's opinion is an improper legal conclusion, the Court DENIES Defendant's Motion in Limine No. 3 with respect to his statement that Defendant's use of Plaintiff's images in the equivalent of an exclusive license.

### 2.      Purported Speculative Testimony

Second, Defendant seeks to exclude four areas of testimony by Professor Sedlik on the

grounds that such testimony is unreliable and purely speculative. (D.I. 202, ex. E at 2-3) Pursuant to Federal Rule of Evidence 703, expert testimony must be based on a proper factual foundation—that is, "on facts or data in the case that the expert has been made aware of or personally observed." *See also Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002); *cf.* Fed. R. Evid. 403 (unduly prejudicial evidence may be disallowed). It is worth noting that as to nearly all of the areas of testimony at issue, Professor Sedlik's expert reports do not contain record citations or otherwise make clear the factual bases underlying his statements.

The Court can conclude that one of the statements at issue—that it is "'likely' that Leonard has discovered only the proverbial 'tip of the iceberg' of Stemtech infringements"—is not sufficiently linked to facts of record and should be stricken as unduly speculative. The statement, on its face, speculates about what is not known (and might or might not be the case) regarding alleged infringements.

However, as to the additional areas of testimony identified by Defendant, the Court finds that trial would be the more appropriate time for a determination of whether such testimony amounts to improper speculation, to ensure that the District Court has the proper context and record before it necessary for a ruling. *See Pivot Point Int'l*, 1996 WL 284940, at *4 ("Whether [certain] evidence is speculative must await trial where it may be presented in context."); *see also Diehl*, 2002 WL 34371510, at *1 (where admissibility determinations are unclear, evidentiary rulings must be made at trial so that questions of foundation can be resolved in proper context). It is at least possible that these areas of testimony (assuming they are relevant to the issues at play) could be tethered to a clear factual foundation. That foundation is not necessarily clear

from Professor Sedlik's reports or from the parties' submissions, however.[7] Accordingly, the remainder of Defendant's Motion in Limine No. 3 with respect to Professor Sedlik's purported speculative opinions is DENIED.

### 3. Evidence Relating to Certain Licensing Fees

Third, Defendant seeks to exclude evidence relating to certain licensing fees that Professor Sedlik refers to as having been charged by Plaintiff in the past, which relate to images that are not at issue in this action. (D.I. 202, ex. E at 3 & ex. E-1 at 17; D.I. 207 at 2) Defendant argues for exclusion on the ground that Plaintiff never produced any documents or evidence relating to these fees, despite Defendant's request for production of such documents, and on the ground that they are irrelevant. (D.I. 202, ex. E at 3)

The Court grants Defendant's motion on the latter ground. Not only are the licenses related to images that are not at issue in this action, but nowhere in Professor Sedlik's expert report, (D.I. 202, ex. E-1), does he indicate how these licenses are relevant to any portion of his expert opinion testimony. Professor Sedlik did not use these licensing fees in order to generate his conclusion as to actual damages owed to Plaintiff—the remaining damages-related issue currently at play in this case. (*Id.* at 26-27); *see also Leonard*, 2013 WL 5311295, at *5-6.

The Court thus GRANTS Motion in Limine No. 3 with respect to Professor Sedlik's references to certain licensing fees relating to images not at issue in this action.

---

[7]     The portion of testimony that appears most likely based on a clear factual foundation, based on the nature of the testimony and that portion of Professor Sedlik's report, regards the scarcity of stem cell photographs in 2006 and how that fact impacts their value. (D.I. 202, ex. E; *id.*, ex. E-1 at 28-29)

### 4. Opinions Relating to Electron Microscopy

Fourth, Defendant seeks to exclude Professor Sedlik's opinions on the use of a scanning electron microscope and the complexities and difficulties associated with it, on the basis that he has "no experience with" this type of photography and therefore is not qualified to offer such opinions. (D.I. 202, ex. E at 3; D.I. 212 at 2) The Third Circuit has instructed that in order to be qualified to testify about a particular topic, an expert witness must possess "specialized knowledge" regarding the area of testimony that must be, at a minimum, greater than that of "the average layman." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000) (internal quotation marks and citations omitted). This standard is applied liberally in this Circuit. *See id.*; *see also Leonard*, 2013 WL 5311295, at *3.

While Professor Sedlik has never used an electron microscope himself, he testified that he has observed the process, and has taken microscopic photographs for clients. (D.I. 207, ex. B at 7) Based on the liberal standard of admissibility of expert testimony, the Court finds that Professor Sedlik's knowledge in the field of electron microscopy and with regard to the use of scanning electron microscope is at least greater than that of the average layman. "If the expert meets [the] liberal minimum qualifications, then the level of the expert's expertise goes to credibility and weight, not admissibility." *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 809 (3d Cir. 1997). Accordingly, the Court DENIES Motion in Limine No. 3 with respect to Professor Sedlik's opinions regarding scanning electron microscopy.

## III. CONCLUSION

For the reasons discussed above, the Court orders the following:

1. Defendant's Motion in Limine No. 1 is DENIED.

2. Defendant's Motion in Limine No. 2 is DENIED.

3. Defendant's Motion in Limine No. 3 is GRANTED-IN-PART.


Dated:  October 3, 2013

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE