**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANDREW PAUL LEONARD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 08-067-LPS-CJB |
| | : | |
| STEMTECH HEALTH SCIENCES, INC. | : | |
| and DOES 1-100, Inclusive, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**<u>FINAL JURY INSTRUCTIONS</u>**

## 1.    INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions.  You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read.  You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Next I will explain the law you will apply to the plaintiff's claims in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## 2.    JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide, under the appropriate burden of proof, which party should prevail on any given issue.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

### 3.    BURDEN OF PROOF

As you were told at the beginning of trial, this is a civil case.  As you also know, Mr. Leonard is the party who brought this lawsuit, and Stemtech is the party against whom the lawsuit was filed.  Mr. Leonard has the burden of proving his case by what is called the preponderance of the evidence.

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Mr. Leonard has the burden of proving copyright infringement and damages by a preponderance of the evidence.  That means that Mr. Leonard has to produce evidence which, when considered in light of all of the facts, leads you to believe that what Mr. Leonard claims is more likely true than not.  To put it differently, if you were to put Mr. Leonard's and Stemtech's evidence on the opposite sides of a scale, the evidence supporting Mr. Leonard's claims would have to make the scales tip somewhat to his side.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt."  That burden does not apply in a civil case and you should, therefore, put it out of your mind.

## 4.    EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, either here at trial or at a recorded deposition; the exhibits that I allowed into evidence; and any stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence. You should not be influenced by a lawyer's objection or by my ruling on that objection.

During the trial, I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## 5.   DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 6.    CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## 7.    STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. The attorneys' statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent, within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

## 8.    CREDIBILITY OF WITNESSES

You are the sole judges of each witness' credibility.  You should consider each witness' basis of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted, either by prior sworn testimony from that witness, or by another witness; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you cannot do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony he or she gave at trial.  You have the right to distrust such witness' testimony in other particulars, and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

## 9.    IMPEACHMENT OF WITNESSES

A witness may be discredited or impeached by contradictory evidence.  If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

### 10. OPINION TESTIMONY

You have heard testimony containing opinions from Mr. Leonard's expert, Jeff Sedlik. In weighing this opinion testimony, you may consider his qualifications, the reasons for his opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinions of Jeff Sedlik should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinions of Jeff Sedlik, you may consider any bias that Jeff Sedlik may have, including any bias that may arise from evidence that Jeff Sedlik has been or will be paid for reviewing the case and testifying or from evidence that Jeff Sedlik testifies regularly and makes a large portion of his income from testifying in court.

## 11.   NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.

What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## 12.    DEPOSITIONS AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

During this trial, certain testimony was presented to you from the reading of written excerpts from depositions.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## 13.    STIPULATIONS OF FACT

The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial. You must therefore treat these facts as having been proved for the purposes of this case.

## 14.   USE OF NOTES

You may use notes taken during trial to assist your memory.  However, you should use caution in consulting your notes.  There is always a tendency to attach undue importance to matters that you have written down.  Some testimony that is considered unimportant at the time presented, and thus not written down, takes on greater importance later on in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory, and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  You should not be overly influenced by your notes or those of your fellow jurors. Above all, your memory should be the greatest asset when it comes time to deliberate and render a decision in this case.

## 15.   THE PARTIES

I will now review for you the parties in this action and provide you with instructions relating to the specific contentions of the parties in this case.

As I previously told you, and as you well know by now, the parties in this case are the Plaintiff, Andrew Paul Leonard, and the Defendant, Stemtech International, Inc., a company formerly known as Stemtech Health Sciences, Inc.

### 16.    CORPORATIONS – FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

### 17.    COPYRIGHT INFRINGEMENT

In this case, Mr. Leonard alleges three types of copyright infringement.  I will give you more detailed instructions about each of these shortly, but I want first to briefly describe each of the three forms of infringement.

*DIRECT INFRINGEMENT*

One who reproduces, distributes, or displays a copyrighted work without authority from the copyright owner during the term of the copyright directly infringes the copyright.

*VICARIOUS INFRINGEMENT*

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and has the right and ability to supervise the infringing activity, whether or not the person knew of the infringement.

*CONTRIBUTORY INFRINGEMENT*

A person is also liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces or materially contributes to the activity.

## 18.   DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## 19.    HOW COPYRIGHT IS OBTAINED

A copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## 20.    PROOF OF COPYING

To prove that the defendant copied the plaintiff's work, the plaintiff may show that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and the plaintiff's copyrighted work.

## 21.    DIRECT COPYRIGHT INFRINGEMENT

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On Mr. Leonard's direct copyright infringement claim, he has the burden of proving both of the following by a preponderance of the evidence:

1.    He is the owner of a valid copyright; and

2.    Stemtech copied original elements from the copyrighted work.

If you find that Mr. Leonard has proved both of these elements, your verdict should be for Mr. Leonard. If, on the other hand, Mr. Leonard has failed to prove either of these elements, your verdict should be for Stemtech.

## 22.    VICARIOUS COPYRIGHT INFRINGEMENT

Mr. Leonard also claims that Stemtech is liable for vicarious copyright infringement as a result of its independent distributors' alleged direct infringement of Mr. Leonard's copyrights. To succeed on this claim, Mr. Leonard must prove the following things:

1.    He is the owner of a valid copyright;

2.    Stemtech's independent distributor(s) copied original elements from the copyrighted works;

3.    Stemtech directly profited from or had a direct financial interest in the infringement by its independent distributor(s); and

4.    Stemtech had the right and ability to stop or control the infringement by its independent distributor(s) but failed to do so.

If you find that Mr. Leonard proved each of these elements, your verdict must be for Mr. Leonard.  If you find that Mr. Leonard did not prove each of these elements, then your verdict must be for Stemtech.

### 23.   "FINANCIAL BENEFIT" DEFINED

For purposes of vicarious copyright infringement, "financial benefit" exists where the availability of infringing material acts as a draw for customers.

## 24.   CONTRIBUTORY COPYRIGHT INFRINGEMENT

Mr. Leonard also claims that Stemtech is liable for contributory copyright infringement as a result of its independent distributors' alleged direct infringement of Mr. Leonard's copyrights. To succeed on this claim, Mr. Leonard must prove the following things:

1.   He is the owner of a valid copyright;

2.   Stemtech's independent distributor(s) copied original elements from the copyrighted works;

3.   Stemtech intentionally induced its independent distributor(s) to infringe Mr. Leonard's copyrights or materially contributed to their infringement; and

4.   Stemtech knew or had to reason know of the infringing activity.

If you find that Mr. Leonard proved each of these elements, your verdict must be for Mr. Leonard.  If you find that Mr. Leonard did not prove each of these elements, then your verdict must be for Stemtech.

### 25.    OWNERSHIP OF VALID COPYRIGHT

Mr. Leonard is the owner of a valid copyright in Images 3 and 4 if he proves by a

preponderance of the evidence that:

1.    Mr. Leonard's work is original; and

2.    Mr. Leonard is the author or creator of the work.

### 26.    COPYRIGHT INFRINGEMENT — ORIGINALITY

To be eligible for copyright protection, a work must be original and in a form that can be seen, heard, reproduced, or communicated.

A work is original if it was created independently, as opposed to being copied from another work. It must contain at least some minimal degree of creativity.  The work need not be completely new.

## 27.    COPYRIGHT INTERESTS — AUTHORSHIP

The creator of an original work is called the author of that work.  An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work.  However, such a contributor cannot be the author of the work unless that contributor caused the work to come into being.  One must translate an idea into a fixed, tangible expression in order to be the author of the work.  Merely giving an idea to another does not make the giver an author of a work embodying that idea.

## 28.    COPYING — ACCESS AND SUBSTANTIAL SIMILARITY

You have been previously instructed that Mr. Leonard has the burden of proving that Stemtech copied original elements from Leonard's copyrighted work. Mr. Leonard may show Stemtech copied from the work by showing by a preponderance of the evidence that Stemtech had access to Leonard's copyrighted work and that there are substantial similarities between Stemtech's work and original elements of Mr. Leonard's work.

In determining whether Mr. Leonard has proved copying, you may consider evidence that Stemtech's work was created independently of Mr. Leonard's copyrighted work or that Stemtech had authority from Mr. Leonard to copy Mr. Leonard's work.

## 29.   IMPLIED NONEXCLUSIVE LICENSE

The copyright owner has the exclusive right to copy, distribute or display his work.  A copyright owner may, however, transfer, sell or convey to another person any or all of the rights comprised in the copyright.  The person to whom this right is transferred is called a licensee.

A nonexclusive license is a grant by the copyright owner to allow the licensee to use the copyrighted materials.  Such a license may be granted orally or may even be implied from conduct, including silence or lack of objection.

A license is a defense to a claim of copyright infringement.

### 30.   DAMAGES

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. The plaintiff must prove damages by a preponderance of the evidence.

### 31.    COPYRIGHT – ACTUAL DAMAGES

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

## 32.    DELIBERATION AND VERDICT

Earlier I instructed you on the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

When you retire to the jury room to deliberate, you may take with you these instructions. You will also have a set of the exhibits that the Court has admitted into evidence.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is Juror No. 1.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-4, or 7-1, or whatever your vote happens to be. That should stay secret until you are finished.

### 33.   UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you and you have been provided a copy.  It has a series of questions for you to answer.  In a moment, I will read the verdict form to you.

You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form.  Each of you will then sign and date the form.  We will provide you with an envelope in which to place the completed verdict form.  When you have reached a verdict, you are to place the completed verdict form in the envelope and send me a note to tell me you have reached a verdict.

You will then return to the courtroom and your foreperson will give your verdict to my deputy, who will then read it in open court.  Unless I direct you otherwise, do not reveal your answers until you are discharged.  After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

### 34.    DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that the other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that: your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say, so you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

## 35.   SOCIAL MEDIA

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, blackberry or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Face book, MySpace, Linkedin, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

## 36.    COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.