IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANDREW PAUL LEONARD,

    Plaintiff,

v.

STEMTECH HEALTH SCIENCES,
INC., et al.,

    Defendants.

Civ. No. 08-067-LPS-CJB
Consolidated

## MEMORANDUM ORDER

Pending before the Court is the Motion for Award of Prejudgment Interest filed by Plaintiff Andrew Paul Leonard ("Plaintiff" or "Leonard"). (D.I. 241) For the reasons stated below, the Court will deny the motion.

**I.    BACKGROUND**

The factual background and procedural history of this case leading up to the filing of the pending motion are detailed in the Court's prior opinions.[1] For present purposes, the following background will suffice.

---

[1] The consolidated cases are *Andrew Paul Leonard v. Stemtech Health Sciences, Inc. and John Does 1-11, Inclusive*, Civil Action No. 08-067-LPS-CJB ("*Leonard I*"), and *Andrew Paul Leonard v. Stemtech International Inc.*, 12-86-LPS-CJB ("*Leonard II*"). For additional background, see *Leonard I*, 2013 WL 5311295 (D. Del. Sept. 23, 2013); *Leonard I*, 2013 WL 5288266 (D. Del. Sept. 19, 2013); *Leonard II*, 2012 WL 3655512 (D. Del. Aug. 24, 2012); and *Leonard I*, 2011 WL 6046701 (D. Del. Dec. 5, 2011).

Plaintiff Leonard brought suit against Defendant Stemtech Health Sciences, Inc./Stemtech International, Inc. ("Stemtech" or "Defendant") and John Does 1-100 for copyright infringement, relating to certain photographic images created by Plaintiff. On October 11, 2013, following a trial, the jury returned a verdict in favor of Plaintiff and against Defendant, which included an award of actual damages in the amount of $1.6 million. (D.I. 229, 230) Thereafter, the Court directed the parties to meet and confer and submit a form of judgment. (*See* D.I. 240 at 248) On October 17, 2013, Plaintiff's counsel advised the Court that the parties were unable to reach agreement upon the form of judgment. (D.I. 231) The next day, the parties submitted competing forms of order. (D.I. 232, 233) Plaintiff proposed two alternative forms of judgment order, both of which seek, *inter alia,* to incorporate an award of prejudgment interest. (*See* D.I. 233 Exs. A, B) On October 22, 2013, the Court denied Plaintiff's request for entry of either of its proposed forms of judgment, without prejudice to Plaintiff's ability to renew its request for an award of prejudgment interest, following the filing of a motion and full briefing. (D.I. 235)

On November 8, 2013, Plaintiff filed its Motion for an Award of Prejudgment Interest on the jury's monetary award. (D.I. 241) Plaintiff seeks prejudgment interest from June 1, 2006 to be awarded at an interest rate of 11%, which would result in a total interest award of between $960,000 and $1,298,179 (depending on whether and how often interest is compounded). (D.I. 242 at 8, 19) Defendant opposes the motion, arguing that an award of prejudgment interest would be inequitable and unfair. Briefing on the motion was completed on December 5, 2013. (D.I. 242, 243, 244)

## II. LEGAL STANDARDS

The Copyright Act is silent on the issue of whether prejudgment interest may be

recovered. *See* 17 U.S.C. § 101, *et seq.* In the Third Circuit awards of prejudgment interest are permitted in copyright cases. *See William A. Graham Co. v. Haughey*, 646 F.3d 138 (3d Cir. 2011).

In *Graham*, the Third Circuit held that an award of prejudgment interest "is available in copyright cases at the District Court's discretion, exercised in light of 'consideration[s] of fairness.'" *Id.* at 145-46. The Court further stated that it generally "favor[s] permitting prejudgment interest awards." *Id.* at 144. In other contexts, the Third Circuit has added that there is generally "a strong presumption in favor of awarding prejudgment interest," *Booker v. Taylor Milk Co.*, 64 F.3d 860, 868 (3d Cir. 1995), and has directed District Courts to "explain why the usual equities in favor of such interest are not applicable" when interest is denied, *Pignataro v. Port. Auth.*, 593 F.3d 265, 274 (3d Cir. 2010); *see also generally Kansas v. Colorado*, 533 U.S. 1, 10 (2001) ("Our cases since 1933 have consistently acknowledged that a monetary award does not fully compensate for injury unless it includes an interest component.").

### III.  DISCUSSION

The Court will exercise its discretion to deny Plaintiff's request for prejudgment interest. The Court is unpersuaded by Plaintiff's contention that such an award "is necessary to fully compensate Plaintiff for misappropriation of his property and to avoid unjust enrichment to Defendant" and that "considerations of fairness support an award of prejudgment interest." (D.I. 242 at 2, 15) Instead, the Court agrees with Defendant that, here, an award of prejudgment interest would be "inequitable and unfair." (D.I. 243 at 10)

The Court reaches these conclusions because it agrees with Defendant that Plaintiff is "sufficiently compensated by the verdict and the award of interest would constitute a windfall to

3

Leonard." (*Id.* at 11) The jury's $1.6 million verdict more than fully compensates Plaintiff for the misappropriated value of his property. As Plaintiff's expert witness, Professor Jeff Sedlick, testified at trial, $1.6 far exceeds the aggregate value Plaintiff "received for all of [his] 92 previous licenses Photo Researchers obtained over a 15-year time period for the use of the Leonard's Image 3 or 4 . . . ." (D.I. 243 at 15)[2] The evidence presented at trial showed that from November 1997 through December 2012, Plaintiff (through Photo Researchers) earned a total of no more than $16,000 for licensing of the two images at issue at trial. (*See* D.I. 243 at 2-3, 12) (citing evidence of total fees earned by Leonard for all licenses to Images 3 and 4) The average fees he earned for commercial use of the images during that period were under $400 per image. (*See id.* at 3) (citing evidence) Thus, the license amount implied by the jury's verdict is an average of approximately $17,000 more per infringing use than Leonard's average commercial license fee actually obtained by Photo Researchers. (D.I. 243 at 15)

Additionally, the undisputed evidence presented at trial was that Leonard offered Stemtech yearly licenses to the use of Images 3 and 4 (including usage on the internet) for amounts measured in the hundreds of dollars, not thousands or millions of dollars. Also, as Defendant points out, "there was no evidence at trial, let alone a finding, that Stemtech's conduct was intentional or willful[.]" (D.I. 243 at 14) Nor did Plaintiff prove that any of the infringement drove Defendant's sales or caused anyone to sign up as a distributor for Stemtech. While none of this means the jury's verdict was unreasonable (an issue no party has placed

---

[2] Professor Sedlick opined that a reasonable base license fee for all of Defendant's unauthorized uses of Plaintiff's images was $215,767.65, making a reasonable total fee (when potential premiums for scarcity and exclusivity are considered) something in the range of $1,456,431.71 to $2,966,805.33. (D.I. 239 at 173-75)

before the Court), it all properly factors into the Court's exercise of its discretion. In the Court's view, the record demonstrates that awarding Plaintiff additional sums on top of the $1.6 million already awarded by the jury is not necessary to ensure either that Plaintiff is fully compensated or that Defendant is adequately deterred.

Another reason the Court rejects Plaintiff's request for prejudgment interest is that it would be extremely difficult to calculate the appropriate amount of prejudgment interest to award.[3] Plaintiff fails to adequately address Defendant's arguments relating to the multiplicity of infringing activities and their varying dates of occurrence, which would appear to require the Court to determine perhaps 92 different accrual dates and interest rates, in order to calculate up to 92 different amounts of interest. (*See* D.I. 232 at 1-2) ("[T]here is no evidence of (1) when each of the nearly 100 instances of direct, vicarious and/or contributory infringement commenced; or (2) the individual licensing fee applicable to each separate infringement. Without this information, it is impossible for this Court or anybody else to calculate prejudgment interest."); D.I. 243 at 13-15)[4] Unlike in *Graham*, 646 F.2d at 142, for instance, Plaintiff has not presented an expert opinion calculating prejudgment interest. *See also Kansas*, 533 U.S. at 12.[5]

---

[3]The Court does not agree with Defendant that calculating the appropriate amount of prejudgment interest would be "impossible" (D.I. 243 at 12), finding only that it would be extremely difficult, and not an appropriate exercise of discretion under the circumstances. The Court further disagrees with Defendant that additional reasons for denying Plaintiff's motion are that he "unreasonably delayed the litigation of this case" or "failed to request such [prejudgment] interest in his pleadings or raise the issue at trial." (*Id.*)

[4]The Court is not convinced by Plaintiff's contention that the starting date for when interest should accrue on each separate act of infringement is the same, single date that Defendant first infringed, a position which seems to shift the burden to Defendant. (D.I. 242 at 5 n.1, 13-14)

[5]In exercising its discretion, the Court has considered Plaintiff's contention that Defendant should be judicially estopped from arguing that an appropriate calculation of

5

At bottom, the Court does not find that an award of prejudgment interest is necessary in order for the judgment entered in this case to serve the goal of fully compensating a copyright owner for the misappropriated value of his property. A judgment of $1.6 million more than adequately serves this goal. After paying the $1.6 million awarded by the jury, Defendant will not be unjustly benefitting from its misuse of Plaintiff's property. The amount of damages awarded by the jury are more than adequate to deter Defendant (or similarly situated parties) from misappropriating Plaintiff's copyrighted images.

## IV. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that

1. Plaintiff's Motion for Award of Prejudgment Interest (D.I. 241) is DENIED.

2. The parties shall submit a proposed form of judgment order, consistent with the jury's verdict and this Memorandum Order, no later than **July 11, 2014**.

July 8, 2014
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

---

prejudgment interest requires separate consideration of the date of infringement of each of the 90+ instances of infringement. As Defendant did not previously take an inconsistent position with respect to prejudgment interest, the Court does not find Defendant to be estopped. Even were Defendant estopped, the reality would remain that, to craft an equitable award under the circumstances here, it would be necessary for the Court to calculate an amount of interest for each separate act of infringement, a task whose complexity disfavors granting the requested relief.