IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW PAUL LEONARD, | ) |
| Plaintiff, | ) Case No. 08-67 LPS |
| v. | ) Consolidated |
| STEMTECH INTERNATIONAL, INC., and JOHN DOES 1-100, Inclusive, | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION
## FOR COSTS AND ATTORNEYS' FEE PURSUANT TO FRCP37(C)(2)

COMES NOW, Andrew Paul Leonard d/b/a APL Microscope (the "Plaintiff"), through his undersigned counsel, and moves, pursuant to Federal Rule of Civil Procedure 37(C)(2) for an Order requiring Defendant Stemtech International, Inc. (the "Defendant") to reimburse Plaintiff for his fees and costs incurred in taking the deposition of George Tashjian, and in support thereof states as follows:

1. Plaintiff propounded Requests for Admission to Defendant seeking admissions that Stemtech provided its independent distributors with sub-domains of the official Stemtech owned domain located at stemtechbiz.com./. See Defendant Stemtech Health Sciences, Inc.'s Response to Plaintiff's First Request for Admissions, and specifically Requests 4 through 20 and Stemtech's Responses thereto. Stemtech denied each of those requests. (Stemtech's Responses to Plaintiff's Requests for Admission are attached hereto as Exhibit A.)

2. Because Stemtech denied the Requests for Admission, Plaintiff noticed and took the deposition of George Tashjian on February 13, 2013 in Irvine, California. Mr. Tashjian, Stemtech's IT Director, readily admitted that Stemtech's denials to the Requests were wrong. Moreover, he testified that he was never consulted about the Requests for Admission before the

DM8612 v1

Responses were served, and he saw them for the first time at his deposition. (See Tashjian deposition pp. 99-107 attached hereto as Exhibit B.

    3.    Rule 37(C)(2) of the Federal Rules of Civil Procedure provides as follows:

    (2)    Failure to Admit. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

    (A)    the request was held objectionable under Rule 36(a);

    (B)    the admission sought was of no substantial importance;

    (C)    the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

    (D)    there was other good reason for the failure to admit.

Here, the issue involving these requests was an important part of Plaintiff's proof, namely, that Stemtech owned certain internet domains and provided its registered distributors with websites with sub-domains of Stemtech's domain located at stemtechbiz.com./. Stemtech denied these requests.

    4.    To prove the truth of the matters which Stemtech denied, Leonard's attorney traveled to California to depose Mr. Tashjian who, under oath, readily admitted that, although he is the IT director of Stemtech, he was never consulted about the Requests for Admission prior to Stemtech's objections and denials, and they were, indeed, true. See Exhibits A and B.

    5.    Plaintiff incurred the cost of the Tashjian deposition transcript ($773.30), a copy of which is attached hereto as Exhibit C, and $2,275.00 in attorneys' fees in connection with taking Mr. Tashjian's deposition. See Declaration of Jan Berlage, Esq. attached hereto as Exhibit D.

WHEREFORE, Plaintiff respectfully prays that the Court Order Stemtech to pay his costs and attorneys' fees incurred in proving the truth of Plaintiff's requests for Admission which Stemtech denied.

Dated: 11/4/2014

SEITZ, VAN OGTROP & GREEN, P.A.

*/s/ James S. Green, Sr.*

JAMES S. GREEN, SR. (DE0481)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-7603
jgreen@svglaw.com

*OF COUNSEL:*

JAN I. BERLAGE
GOHN, HANKEY & STICHEL, LLP
201 North Charles Street, Suite 2101
Baltimore, MD 21201
(41) 752-9300

*Attorneys for Plaintiff*

3