# EXHIBIT A



**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANDREW PAUL LEONARD | ) | |
| | ) | C.A. No.: 08-67 JJF |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| STEMTECH HEALTH SCIENCES, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOES 1-100, Inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

RECEIVED
JAN 14 2013
BY:

**NOTICE OF SERVICE**

I, Stephen P. Casarino, attorney for Stemtech Health Services, Inc. in the above-captioned action, hereby certify that on the 14th day of January 2013, I have served the following documents:

*-Defendant Stemtech Health Sciences, Inc.'s Response to Plaintiff's Fourth Set of Interrogatories*

*-Defendant Stemtech Health Sciences, Inc.'s Response to Plaintiff's Fifth Request for Production of Documents*

*-Defendant Stemtech Health Sciences, Inc.'s Response to Plaintiff's First Request for Admissions*

on the following parties via first-class mail, postage prepaid:

James S. Green, Esq.
Seitz, vanOgtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

Jan I. Berlage, Esq.
GOHN HANKEY & STICHEL LLP
201 North Charles St., Suite 2101
Baltimore, MD 21201

*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*

CASARINO CHRISTMAN SHALK
RANSOM & DOSS, P.A.

/s/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQ.
Del. Bar ID No. 174
405 North King Street, Suite 300
P.O. Box 1276
Wilmington, DE 19899-1276
Telephone: (302)594-4500
Fax: (302)594-4509
Scasarino@casarino.com
Attorney for Stemtech

*Of Counsel:*

Kathleen Mary Kushi Carter
Christine R. Arnold
HOLLINS LAW
2601 Main Street, Penthouse Suite 1300
Irvine, California 92614-4239
(714) 558-9119

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I have read the foregoing **DEFENDANT STEMTECH HEALTH SCIENCES, INC.'S RESPONSE TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES** and know its contents.

( ) **CHECK APPLICABLE PARAGRAPH**

( ) I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

( X ) I am ***President, Chief Executive Officer*** of ***STEMTECH HEALTH SCIENCES, INC., a California corporation,*** a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

( X ) I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

( ) The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

( ) I am one of the attorneys for __________, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 31, 2012, at San Clemente, California.

I declare under penalty of perjury that the foregoing is true and correct.

________________________
*Ray C. Carter*
*President and C.E.O.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RECEIVED
JAN 14 2013
BY:

ANDREW PAUL LEONARD,

Plaintiff,

v.

STEMTECH HEALTH SCIENCES, INC. and DOES 1-100, Inclusive,

Defendants.

C.A. No: 08-067-LPS-CJB
Consolidated

**DEFENDANT STEMTECH HEALTH SCIENCES, INC.'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Stemtech Health Sciences, Inc. (hereinafter "Stemtech" or "Responding Party") hereby objects and responds to Plaintiff's First Request for Admissions as follows:

**PRELIMINARY STATEMENT**

These Responses are made solely for the purpose of and in relation to this action. Each Response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, admissibility, and attorney-client privilege and attorney work product), which would require the exclusion of any statement contained herein if the Request were asked of, or any statement contained herein were made by, a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

Stemtech has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following Responses are given without prejudice to Stemtech's right to produce at the time of trial subsequently discovered

evidence relating to the proof of facts subsequently discovered to be material.

Stemtech represents that it has used its best effort to gather information responsive to any particular Request. However, the following Responses are given without prejudice to Stemtech's right to produce, at the time of trial, materials inadvertently excluded from any Response contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a Request herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such Request, or that such answer constitutes evidence of any fact set forth or assumed. All Responses must be construed as given on the basis of present recollection.

This preliminary statement is incorporated into each of Stemtech's Responses.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST NO. 1:**

Admit that Stemtech owns, and is the registrant for the domain stemtechbiz.com, with domain services NS1.EXIGO.COM and NS2.EXIGO.COM.

**RESPONSE TO REQUEST NO. 1:**

Objection. Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased. Responding Party also objects to this Request on the grounds that it is impermissibly compound. Furthermore, Responding Party objects to this Request on the grounds that the terms "owns," "domain" and "domain services" are not defined and are vague and ambiguous and, as such, call for speculation. Still further, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Finally, Responding Party objects to this Request

on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information.  Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Admit that Responding Party is the registrant for the domain name "stemtechbiz.com." Responding Party, however, is unable to admit or deny which particular domain server houses this domain name.

**REQUEST NO. 2:**

Admit that Stemtech owns, and is the registrant for the domain stemtech.com, with domain servers NS1.EXIGO.COM and NS2.EXIGO.COM.  The contact for this domain is George Tashjian, 1011 Calle Amanecer, San Clemente, CA 92673.

**RESPONSE TO REQUEST NO. 2:**

Objection.  Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.  Responding Party also objects to this Request on the grounds that it is impermissibly compound, conjunctive and/or disjunctive and contains multiple questions and/or statements.  Furthermore, Responding Party objects to this Request on the grounds that the terms "owns," "domain" and "domain servers" are not defined and are vague and ambiguous and, as such, call for speculation.  Still further, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information. Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Admit that Responding Party is the registrant for the domain name "stemtech.com."

Responding Party, however, is unable to admit or deny which particular domain server houses this domain name.

**REQUEST NO. 3:**

Admit that Stemtech owns, and is the registrant for the domain teamstemtech.com with domain servers DNS1.ZEONHOST.COM and DNS2.ZEONHOST.COM.

**RESPONSE TO REQUEST NO. 3:**

Objection. Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased. Responding Party also objects to this Request on the grounds that it is impermissibly compound. Furthermore, Responding Party objects to this Request on the grounds that the terms "owns," "domain" and "domain servers" are not defined and are vague and ambiguous and, as such, call for speculation. Still further, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information. Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Admit that Responding Party is the registrant for the domain name "teamstemtech.com." Responding Party, however, is unable to admit or deny which particular domain server houses this domain name.

**REQUEST NO. 4:**

Admit that Stemtech provides independent distributors websites with sub-domains of the official Stemtech owned domain, located at stemtechbiz.com.\

///

**RESPONSE TO REQUEST NO. 4:**

  Objection.  Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.  Responding Party also objects to this Request on the grounds that the terms "provides," "sub-domains" and "official Stemtech owned domain" are not defined and are vague and ambiguous and, as such, call for speculation.   Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information.  Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

  Deny.

**REQUEST NO. 5:**

  Admit that Stemtech provided independent distributor, David Velasco, ID# 5664953, a Stemtech owned web site residing at the domain stemtechbiz.com with the following URLs:

http://regeneracionvital.stemtechbiz.com

http:// regeneracionvital.stemtechbiz.com.mx

http:// regeneracionvital.stemtechbiz.co.uk

http://www.stemtechbiz.ca/MyStory.aspx?ID=regeneracionvital

http:// regeneracionvital.stemtechbiz.com.my

http:// regeneracionvitalstemtechbiz.com/es

http:// regeneracionvitalstemtechbiz.com.au

http:// regeneracionvital.stemtech.bg

http:// regeneracionvital.stemtechbiz.com.co

http:// regeneracionvital.stemtech.com.ec

http:// regeneracionvital.stemtechbiz.fr

http:// regeneracionvital.stemtechbiz.de

http:// regeneracionvital.stemtech.jp

http:// regeneracionvital.stemtech.com.gh

http:// regeneracionvital.stemtechbiz.com.na

http:// regeneracionvital.stemtechbiz.com.ph

http:// regeneracionvital.stemtechbiz.co.za

**RESPONSE TO REQUEST NO. 5:**

Objection. Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased. Responding Party also objects to this Request on the grounds that the terms "provided," "Stemtech owed web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation. Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information. Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 6:**

Admit that Stemtech provided independent distributor, Joe Cinocca Stemtech, independent distributor, ID# 6026958, a Stemtech-owned web site that resided at the domain stemtechbiz.com with the following URLs:

http://whatarestemcells.stemtechbiz.com

http://whatarestemcells.stemtechbiz.co.uk

http://whatarestemcells.stemtechbiz.mx

http://whatarestemcells..stemtechbiz.com.my

http://whatarestemcells.stemtechbiz.com/es

http://whatarestemcells.stemtechbiz.com.au

http://whatarestemcells.stemtechbiz.bg

http://whatarestemcells.stemtechbiz.com.co

http://whatarestemcells.stemtechbiz.com.ec

http://whatarestemcells.stemtechbiz.fr

http://whatarestemcells.stemtechbiz.de

http://whatarestemcells.stemtechbiz.jp

http://whatarestemcells.stemtechbiz.com.gh

http://whatarestemcells.stemtechbiz.com.na

http://whatarestemcells.stemtechbiz.com.ph

http://whatarestemcells.stemtechbiz.co.za

**RESPONSE TO REQUEST NO. 6:**

Objection. Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased. Responding Party also objects to this Request on the grounds that the terms "provided," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation. Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Finally, Responding Party objects to this Request

on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information. Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 7:**

Admit that Stemtech provides independent distributor, Rob Johnson, Stemtech, independent distributor, ID# 1368501, a Stemtech-owned web site residing at the domain stemtechbiz.com with the URL http://facts.stemtechbiz.com/

**RESPONSE TO REQUEST NO. 7:**

Objection. Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased. Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation. Furthemore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information. Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 8:**

Admit that Stemtech provides independent distributor, Jon Krasselt, Stemtech independent distributor, ID# 5504679, a Stemtech-owned web site residing at the domain stemtechbiz.com with the URL http://internationalhealthorg.stemtechbiz.com/

**RESPONSE TO REQUEST NO. 8:**

Objection.  Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.  Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation.  Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information.  Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 9:**

Admit that Stemtech provides independent distributor, Liga Berklavs, Stemtech independent distributor, ID# 1121101, a Stemtech-owned web site residing at the domain stemtechbiz.com with the URL http://1121101.stemtechbiz.com.

**RESPONSE TO REQUEST NO. 9:**

Objection.  Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.  Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation.  Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert

information.  Subject to and without waiving any of Responding Party's objections, Responding

Party answers as follows:

Deny.

**REQUEST NO. 10:**

Admit that Stemtech provides independent distributor, GeorgeAnn Hughes, Stemtech

independent distributor, ID# 4912701, a Stemtech-owned web site that resided at the domain

stemtechbiz.com with the URL http://georgeann.stemtechbiz.com.

**RESPONSE TO REQUEST NO. 10:**

Objection.  Responding Party objects to this Request on the grounds that it is vague,

ambiguous and unintelligible as phrased.  Responding Party also objects to this Request on the

grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and

are vague and ambiguous and, as such, call for speculation.  Furthermore, Responding Party

objects to this Request on the grounds that it seeks information that is irrelevant and not likely to

lead to the discovery of admissible evidence.  Finally, Responding Party objects to this Request

on the grounds that it calls for a legal conclusion and for the premature disclosure of expert

information.  Subject to and without waiving any of Responding Party's objections, Responding

Party answers as follows:

Deny.

**REQUEST NO. 11:**

Admit that Stemtech provides independent distributor, Yvonne Garcia, Stemtech

independent distributor, ID# 3986801, a Stemtech-owned web site residing at the domain

stemtechbiz.com with the URL http://rejuvenating.stemtechbiz.com.

///

**RESPONSE TO REQUEST NO. 11:**

Objection.  Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.  Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation.  Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information.  Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 12:**

Admit that Stemtech provides independent distributor, Faith Rose, Stemtech independent distributor, ID# 1087201, a Stemtech-owned web site residing at the domain stemtechbiz.com with the URL http://envision.stemtechbiz.com.

**RESPONSE TO REQUEST NO. 12:**

Objection.  Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.  Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation.  Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert

information. Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 13:**

Admit that Stemtech provides independent distributor, Margie Ings, Stemtech independent distributor, ID# 1087201, a Stemtech-owned web site residing at the domain stemtechbiz.com with the URL http://mings.stemtechbiz.com.

**RESPONSE TO REQUEST NO. 13:**

Objection. Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased. Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation. Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information. Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 14:**

Admit that Stemtech provides independent distributor, Sage Daily, Stemtech independent distributor, ID# 13865401, a Stemtech-owned web site residing at the domain stemtechbiz.com with the URL http://sage.stemtechbiz.com.

///

**RESPONSE TO REQUEST NO. 14:**

Objection.  Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.  Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation.  Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information.  Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 15:**

Admit that Stemtech provides independent distributor, Rob Cranston, Stemtech independent distributor, ID# 3520201, a Stemtech-owned web site residing at the domain stemtechbiz.com with the URL http://youngforever.stemtechbiz.com.

**RESPONSE TO REQUEST NO. 15:**

Objection.  Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.  Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation.  Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert

information.  Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 16:**

Admit that Stemtech provides independent distributor, Matt Canham, Stemtech independent distributor, ID# 5501268, a Stemtech-owned web site residing at the domain stemtechbiz.com with the URL http://global.stemtechbiz.com.

**RESPONSE TO REQUEST NO. 16:**

Objection.  Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.  Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation.  Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information.  Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 17:**

Admit that Stemtech provides independent distributor, EJ Morris, Stemtech independent distributor, ID# 1645301, a Stemtech-owned web site residing at the domain stemtechbiz.com with the URL http://morris.stemtech.com.

///

**RESPONSE TO REQUEST NO. 17:**

Objection.   Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.   Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation.   Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.   Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information.   Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 18:**

Admit that Stemtech provides independent distributor, Dennis MacKay, Stemtech independent distributor, ID# 3869201, a Stemtech-owned web site residing at the domain stemtechbiz.com with the URL http://3869201.stemtechbiz.com.

**RESPONSE TO REQUEST NO. 18:**

Objection.   Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.   Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation.   Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.   Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert

information. Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 19:**

Admit that Stemtech provides independent distributor, Roger Sindt, Stemtech independent distributor, ID# 4447801, a Stemtech-owned web site residing at the domain stemtechbiz.com with the URL http://improvebodyhealth.stemtechbiz.com.

**RESPONSE TO REQUEST NO. 19:**

Objection. Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased. Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation. Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information. Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 20:**

Admit that Stemtech provides independent distributor, Steffan Omray, Stemtech independent distributor, ID# 1086201, a Stemtech-owned web site residing at the domain stemtechbiz.com with the URL http://omray.stemtech.com.

///

**RESPONSE TO REQUEST NO. 20:**

Objection.  Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.  Responding Party also objects to this Request on the grounds that the terms "provides," "Stemtech-owned web site" and "domain" are not defined and are vague and ambiguous and, as such, call for speculation.  Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Finally, Responding Party objects to this Request on the grounds that it calls for a legal conclusion and for the premature disclosure of expert information.  Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 21:**

Admit Exigo, in collaboration with Stemtech, hosts independent distributor, Michael Jordan-Elcock's website located at http://www.thestemenhanceguy.com.

**RESPONSE TO REQUEST NO. 21:**

Objection.  Responding Party objects to this Request on the grounds that it is vague, ambiguous and unintelligible as phrased.  Responding Party also objects to this Request on the grounds that the terms "collaboration" and "hosts" are not defined and are vague and ambiguous and, as such, call for speculation.  Furthermore, Responding Party objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Finally, Responding Party objects to this Request on the grounds that it calls for the premature disclosure of expert information.  Subject to and without waiving any of Responding Party's objections, Responding Party answers as follows:

Deny.

**REQUEST NO. 22:**

Admit that Stemtech published a stem cell image belonging to Dr. Yorgos Nikas (Science Photo Library, as the agent) without a license in a Stemtech video produced by Cybernetic Media Inc.

**RESPONSE TO REQUEST NO. 22:**

Objection. Responding Party objects to this Request on the grounds that it calls for a legal conclusion. Responding Party also objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Finally, Responding Party objects to this Request on the grounds that it calls for speculation.

**REQUEST NO. 23:**

Admit that Stemtech published a stem cell image belonging to Dr. Juergen Berger (Science Photo Library, as the agent) without a license in a Stemtech video produced by Cybernetic Media Inc.

**RESPONSE TO REQUEST NO. 23:**

Objection. Responding Party objects to this Request on the grounds that it calls for a legal conclusion. Responding Party also objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Finally, Responding Party objects to this Request on the grounds that it calls for speculation.

**REQUEST NO. 24:**

Admit that Stemtech published a stem cell image belonging to Dennis Kunkel without a license in a Stemtech video produced by Cybernetic Media Inc.

///

**RESPONSE TO REQUEST NO. 24:**

Objection. Responding Party objects to this Request on the grounds that it calls for a legal conclusion. Responding Party also objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Finally, Responding Party objects to this Request on the grounds that it calls for speculation.

DATED: January 14, 2013

HOLLINS LAW

By: /s/ Christine R. Arnold

KATHLEEN MARY KUSHI CARTER
CHRISTINE R. ARNOLD
HOLLINS LAW
2601 Main Street, Penthouse Suite 1300
Irvine, California 92614-4239
Telephone: 714.558.9119
Fax: 714.558.9091
kcarter@hollins-law.com
carnold@hollins-law.com

Attorneys for Defendant, STEMTECH HEALTH SCIENCES, INC.

*Associated Counsel:*

CASARINO CHRISTMAN SHALK
RANSON & DOSS, P.A.
Stephen P. Casarino (DE0174)
405 North King Street, Suite 300
P.O. Box 1276
Wilmington, DE 19899-1276
Telephone: (302) 594-4500
scasarino@casarino.com

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT CALIFORNIA
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW PAUL LEONARD, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE NO. |
| | ) 08-067-LPS-CJB |
| STEMTECH HEALTH SCIENCES, | ) CONSOLIDATED |
| INC., AND DOES 1-100, | ) |
| INCLUSIVE, | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

DEPOSITION OF:

GEORGE TASHJIAN

FEBRUARY 13, 2013, 10:14 A.M.

infringement.

Q. Okay. Am I correct that if -- going back to my example where I'm the distributor, if I get a website in the U.S., will I automatically get websites in all the different countries?

A. Correct.

Q. Do you have an equity interest in Stemtech?

A. Yes, I do.

Q. Okay. And I know you're the director of I.T. Do you have any other titles with the company?

A. No.

Q. Okay. Just -- but you are a shareholder?

A. Yes.

MR. BERLAGE: If we could take a break, I think if I can get those admissions, and then I'll just have a couple questions.

MS. CARTER: Okay. Sure.

(A recess was taken.)

BY MR. BERLAGE:

Q. Mr. Tashjian, I'm showing you what's been marked as Exhibit No. 16.

(Plaintiff's Exhibit 16 was marked for identification and attached hereto.)

BY MR. BERLAGE:

Q. If you could take a moment to review that.

A. Do you want me to read it all? What do you want me to do?

MS. CARTER: Did you want him to read the whole thing?

02:09:27 BY MR. BERLAGE:

**Q. You're more than welcome to read the whole thing. I will go through each one of these. So when we go through them then -- whatever you need to do. Take your time.**

02:09:42 MS. CARTER: Okay. I'll have him read the whole thing if you're basically going to cover all of them. I didn't know if there was a particular one that you were going to talk about, then there's no point in reading the whole thing.

02:09:52 MR. BERLAGE: Why don't I just have him read it. I may be able to --

MS. CARTER: Yes.

MR. BERLAGE: -- cut to the chase because I think they're all fairly similar.

02:10:02 MS. CARTER: Okay.

BY MR. BERLAGE:

**Q. Take your moment to read it.**

MS. CARTER: He wants to make sure you have the opportunity to read it. So just go ahead.

02:10:12 THE WITNESS: Okay.

BY MR. BERLAGE:

Q. Just to put it in context for you, in the discovery rules we ask admissions of the company and then they have to respond. These are Stemtech's responses to our requests for admission.

02:10:22

A. Okay.

MS. CARTER: Okay.

BY MR. BERLAGE:

Q. All set?

02:14:03

A. All set.

Q. Okay. My first question is -- and this is a yes-or-no question. I'm not trying to elicit any conversations you had with counsel, but prior to today, had you seen this document?

02:14:16

A. I have not.

Q. Prior to this today, did anyone question you and ask your input with respect to Stemtech's responses to this document?

A. No.

02:14:30

Q. Okay. If you turn to page 2, request No. 1 --

A. Yes.

Q. -- it reads,

"Admit that Stemtech owns, and is the registrant of the domain stemtechbiz.com, with domain services at NS1.Exigo.com and NS2.Exigo.com."

02:14:46

Do you see that?
A. Yes.
Q. We'll break this up into two parts. You would agree -- and I think you have already today -- that Stemtech owns and is the registrant for the domain stemtechbiz.com; correct?
A. Correct.
Q. And the domain services -- at least two of the domain services for that URL are the NS Exigo -- the NS1.Exigo.com and the NS2.Exigo.com; correct?
MS. CARTER: And I'll object on the grounds of all the objections set forth in the requests for admission which you're reading; lacks foundation; it's vague and ambiguous; calls for speculation.
You can answer.
THE WITNESS: Yes.
BY MR. BERLAGE:
Q. Okay. And that's something you know as the I.T. director of the company; correct?
MS. CARTER: I'll object; it lacks foundation. I.T. director of Exigo or Stemtech?
MR. BERLAGE: Of Stemtech.
Q. You're the I.T. director of Stemtech; correct?
A. Yes, I am.
Q. I assume that any domain names that Stemtech

**owns, as the I.T. director you would be aware of that; correct?**

A. Correct.

MS. CARTER: I'll move to strike on foundation. How would he know what he doesn't know? Go ahead.

BY MR. BERLAGE:

**Q. Well, you should know; correct?**

MS. CARTER: Well, I'll object.

BY MR. BERLAGE:

**Q. You should know?**

MS. CARTER: Calls for an opinion; and lacks foundation. There could be a million reasons he doesn't know. I don't know.

But go ahead.

THE WITNESS: It could be that other people have purchased the domain, but, however, I know of the ones that we own that I have purchased, for example.

BY MR. BERLAGE:

**Q. Okay. And this is one that you know that Stemtech owns; correct?**

A. Correct.

**Q. And looking at request No. 2, do you see that?**

A. Yes, I do.

**Q. And basically it is the same as request No. 1 except it says the contact for this domain is**

George Tashjian, 1011 Calle -- and I can't pronounce that, but Calle Amanecer, San Clemente, California, 92673. Do you see that?

A. Yes.

02:17:14 Q. And is that how the domain is registered?

MS. CARTER: I'll object; it misstates the document. You're talking about stemtech.com, that domain now or stemtechbiz still?

MR. BERLAGE: No. That's good. Let me

02:17:32 backtrack for a second.

MS. CARTER: Okay.

BY MR. BERLAGE:

Q. Let's break that down. Actually, I misstated.

The request No. 2 says,

02:17:41 "Admit that Stemtech owns, and is the registrant for the domain stemtech.com, with domain servers NS1.Exigo.com and NS2.Exigo.com. The contact for this domain is George Tashjian, 1011 Calle Amanecer, San Clemente, California,

02:18:03 92673."

Correct? That's what it says?

A. Correct.

Q. And does Stemtech own and is the registrant of the domain name stemtech.com?

02:18:15 A. Yes.

**Q. And that is -- the domain servers for that domain name are at NS1.Exigo.com and NS2.Exigo.com; correct?**
MS. CARTER: I'll make the same objections.
Go ahead, if you know.
THE WITNESS: Yes, they are.
BY MR. BERLAGE:
**Q. Okay. And is the contact information for the domain, are you the contact person?**
A. Yes, I am.
**Q. Turning to request No. 3, do you see that?**
A. Yes, I do.
**Q. It says,**
**"Admit that Stemtech owns, and is the registrant for the domain teamstemtech.com with domain servers DNS1.zeonhost.com and DNS2.zeonhost.com."**
**That's what it says; correct?**
A. Yes, it does.
**Q. In fact, Stemtech owns and is the registrant for the domain teamstemtech.com; correct?**
A. I believe so, yes.
**Q. And are the domain servers for that domain name the two listed in request No. 3?**
MS. CARTER: Same objections.

Go ahead.

THE WITNESS: Yes.

BY MR. BERLAGE:

Q. If you can turn to request No. 4. At the bottom of that page it states,

"Admit that Stemtech provides independent distributors websites with sub domains of the official Stemtech owned domain, located at stemtechbiz.com."

Is that a correct statement?

MS. CARTER: I'll object; it's overbroad. Well, the same objection that is asserted in the document in response to No. 4.

Go ahead.

THE WITNESS: Yes.

BY MR. BERLAGE:

Q. Yes, that is a correct statement?

A. Yes.

Q. If you can turn to request No. 5, and it reads,

"Admit that Stemtech provided independent distributor, David Velasco, I.D. No. 5664953, a Stemtech owned website residing at the domain stemtechbiz.com with the following URLs."

And then it lists a series of URLs.

A. Yes.

Q. Okay. Looking at those URLs, are you able to determine whether a David Velasco is utilizing a Stemtech domain name?

A. It looks to be Stemtech domain names, yes.

02:21:05 Q. And now at least for the next few -- and you're welcome to take a look at them as long as you want, but just to speed things up, they seem to be similar requests with different distributors with, obviously, therefore, different I.D. numbers, and my question is 02:21:27 going to be if you look at those domain names, whether those are -- it looks like that they're utilizing Stemtech's domain or URL?

MS. CARTER: Okay. So No. 6 through -- is it all the way through the end?

02:21:51 MR. BERLAGE: I don't think it's all the way through.

MS. CARTER: Oh, no. Through No. 20. So we'll answer that question you posed for 6 through 20.

MR. BERLAGE: Yes.

02:21:58 MS. CARTER: Okay.

MR. BERLAGE: I think that's probably the most efficient way of doing it.

MS. CARTER: Yes. Okay.

THE WITNESS: Yeah, 6 through 20 looks to be 02:22:08 Stemtech domains.

# EXHIBIT C

# INVOICE

JILIO
JILIO-RYAN HUNTER & OLSEN, INC.
PROFESSIONAL COURT REPORTERS
14661 Franklin Avenue, Suite 150
Tustin, CA 92780
P: 714.424.9902 F: 714.424.9987

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 35259 | 2/25/2013 | 43742 |

| Job Date | Case No. |
|---|---|
| 2/13/2013 | 08-067-LPS-CJB CONSOLIDATED |

**Case Name**

Leonard vs. Stemtech Health Sciences, Inc.

**Payment Terms**

Net 60

Jan I. Berlage, Esq.
Gohn, Hankey & Stichel, LLP
201 North Charles Street, Suite 2101
Baltimore, MD 21201

| Description | Amount |
|---|---|
| Original & One (Includes processing fee) | |
| George Tashjian | 726.50 |
| Exhibits | 18.20 |
| Exhibit-Color | 28.50 |
| ASCII File & Condensed Transcript (Complimentary) | 0.00 |
| CD-Rom (Complimentary) | 0.00 |
| **TOTAL DUE >>>** | **$773.20** |
| AFTER 4/26/2013 PAY | $850.52 |

Your patronage and confidence in us is greatly appreciated.

**Tax ID:** 27-0074784

*Please detach bottom portion and return with payment.*

Jan I. Berlage, Esq.
Gohn, Hankey & Stichel, LLP
201 North Charles Street, Suite 2101
Baltimore, MD 21201

Invoice No. : 35259
Invoice Date : 2/25/2013
**Total Due : $773.20**
AFTER 4/26/2013 PAY $850.52

Job No. : 43742
BU ID : 1-MAIN
Case No. : 08-067-LPS-CJB CONSOLIDATED
Case Name : Leonard vs. Stemtech Health Sciences, Inc.

Remit To: **JILIO-RYAN, HUNTER & OLSEN, INC.**
**14661 FRANKLIN AVENUE, SUITE 150**
**TUSTIN, CA 92780**

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANDREW PAUL LEONARD,<br>d/b/a APL Microscope,<br><br>Plaintiff,<br><br>v.<br><br>STEMTECH INTERNATIONAL, INC.,<br><br>Defendant. | ) | Case No.<br>1:12-cv-00086-LPS |

**DECLARATION OF JAN I. BERLAGE IN SUPPORT OF PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEE PURSUANT TO FRCP37(C)(2)**

I, Jan Berlage, declare as follows:

1. I am a partner in the firm of GOHN HANKEY STICHEL & BERLAGE, LLP, co-counsel for Plaintiff Andrew Paul Leonard.

2. I submit this Declaration in support of Plaintiff's Motion for Costs and Attorneys' Fees Pursuant to FRCP37(C)(2).

3. On February 13, 2013, I took the oral deposition of George Tashjian, the Director of IT services to Stemtech International, Inc. ("Stemtech"). Mr. Tashjian's deposition was needed to confirm that Stemtech provided sub-domains of its Stemtech owned domain at stemtechbiz.com./ to its independent distributors.

4. At his deposition, Mr. Tashjian confirmed that Stemtech's denials of Plaintiff's Requests for Admission directed to that subject were wrong.

5. My billing rate for this matter is $350.00. I spent 6.5 hours preparing for and taking Mr. Tashjian's deposition.

6. I believe that the fair and reasonable value of my time spent in connection with taking Mr. Tashjian's deposition is $2,275.00.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: 10/9/14

JAN I. BERLAGE



| | | | | | |
|---|---|---|---|---|---|
| 02/09/2013 | JIB | Conference call with Mr. Leonard re: reviewed deposition outlines and discussed California depositions; drafted email to court reporter confirming deposition times (2.5000). | 2.50 | 350.00 | 875.00 |
| 02/13/2013 | JIB | Prepared for and attended depositions of Mr. Tashjian and Mr. Leonard (9.0000). | 9.00 | 350.00 | 3,150.00 |